P. E. FRAYER v. GEORGE HOLTOM AND ANN HOLTOM.

No. 259.

1. AGENCY—*Substantial Issue—General Finding.* Whether an agency existed on the part of the plaintiff in the transaction which the defendants set up as releasing them from liability to the plaintiff on his purported cause of action being the substantial issue in the case, the general finding of the trial court in favor of the defendants was equivalent to a finding that the alleged agency did not exist.

2. CONVEYANCE—*Blank Deed.* Under the peculiar facts of this case, it is held that a warranty deed from which the name of the grantee was omitted at his own request operated as a conveyance of the land therein described.

Error from Ness district court; J. E. ANDREWS, judge.   Opinion filed October 20, 1898.   Affirmed.

*H. Fierce,* and *Thomas Berry,* for plaintiff in error.

*N. H. Stidger* and *J. C. Hopper,* for defendants in error.

The opinion of the court was delivered by

MILTON, J.: The issue between the plaintiff in error and the defendants in error, who were respectively plaintiff and defendants below, may be summed up as follows : The answer averred that the plaintiff had no right of action on the mortgage which he sought to foreclose for the reasons that, in a transaction between the plaintiff and defendant George Holtom, whereby certain lands were actually exchanged and transferred between the parties, the plaintiff had accepted a deed from George Holtom and Ann Holtom, his wife, for the mortgaged premises, in which he, the plaintiff, had assumed and agreed to pay the said mortgage, and that although the said deed was in blank as to the name of the grantee, yet that the same was so left at the request of the plaintiff for his convenience, he being authorized by the grantors to insert his own name or the name of some other person as grantee therein whenever he should choose to do so, and that after the delivery of the deed the plaintiff had assumed to own and exercise acts of ownership over the said land.   The reply admitted practically all of the allegations of the answer, except that the plaintiff alleged that he was acting as agent of his daughter, Belle Calhoun, and of her husband, N. S. Calhoun, in affecting an exchange of lands with the defendant George Holtom, and that the defendants

well knew he was so acting.   He also alleged that he had bought the mortgage for a valuable consideration. The reply concluded as follows :

"That at the request of said N. S. Calhoun and Belle Calhoun, and by their direction, the plaintiff has deposited with the clerk of this court the blank deed aforesaid, to be by said clerk returned and delivered to said George Holtom, as the court may direct."

This action was commenced more than three years after the exchange of the lands, and George Holtom had fully performed all of the terms and conditions of the agreement for such exchange.   There was evidence tending to prove that the plaintiff desired to take the deed with a blank for the name of the grantee because of the insanity of his wife.   He testified that the deed was made in that form at his own request.   The judgment of the district court was in favor of the defendants Holtom and wife for costs.

As we view the record, the foregoing states the only issue in the case requiring our consideration ; and if the judgment of the trial court is correct as to such issue, there was no error in rejecting the offer of the record of the deed from the mortgagors, Beymer and wife, to their immediate grantee — the offer having been made for the purpose of showing that Holtom's grantor was liable for the payment of the debt sued on herein and which Holtom had by the terms of the deed to himself assumed and agreed to pay.

Counsel for plaintiff in error earnestly argue that the deed executed by the defendants in error and delivered to plaintiff was void because no grantee was named therein.   They ask this question : "What rights could the plaintiff enforce under such blank deed by reason of his being in possession thereof ?" The cases of *Ayres v. Probasco*, 14 Kan. 175, and *The*

*State v. Matthews*, 44 id. 603, 25 Pac. 36, are cited as supporting the proposition that the deed was absolutely void.   We do not understand that the supreme court of this state has decided that such a deed is void where the grantors therein are insisting upon its validity and where the party to whom the deed was delivered, and at whose request it was left in blank as to the name of the grantee, entered into possession of the land attempted thereby to be conveyed.   In effect, the judgment of the trial court in this case has written the name of the plaintiff into that deed as the grantee therein, and as between the defendants in error and the plaintiff in error the latter is adjudged to be the owner of the land.   The general finding in favor of the defendants in error is a finding that the plaintiff acted for himself and not as the agent of the Calhouns in the matter of the exchange of lands and that he was bound by the terms of the agreement for the exchange to pay the debt secured by his alleged mortgage.

The judgment of the trial court is sustained by competent evidence and will be affirmed.