R. F. CHENEY, ZENA CHENEY and EDGAR B. SLOAN, Respondents, v. FRANK EGGERT and G. W. WEBSTER, Appellants.

Kansas City Court of Appeals, November 5, 1917.

1. **WARRANTY DEEDS: Name of Grantee not Inserted: Assuming Payment of Encumbrance.** Where one accepts a deed to real estate containing a provision that the grantee assumes and agrees to pay an encumbrance on the land, no name being inserted therein as grantee, and thereafter enters into possession of the land, he is liable for any deficiency between the amount of the encumbrance and the sum received for the land sold under foreclosure of the encumbrance, the grantors having insisted upon the validity of said deed.

2. ———: ———. Where one executed a deed to real property, leaving the name of the grantee blank and sends it to his agent with authority to fill in the name of the grantee, but the agent at the request of the purchaser delivered it to him without doing so and the purchaser enters into possession of the land, the latter is responsible, where such deed contains a provision that the grantee assumed and agrees to pay an encumbrance thereon, for the difference between the amount of the encumbrance and whatever was received by the sale of the land under foreclosure.

3. ———: **Evidence: Parol Evidence as to Contents of Written Instrument.** It is error to admit evidence of the contents, provisions and effect of a written instrument where no foundation is laid for the admission of parol evidence of the contents of such instrument.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart,*
Judge.

REVERSED AND REMANDED.

*Chas. E. Murrell* and *Campbell & Ellison* for appellants.

*J. M. Wattenbarger* and *D. C. Payne* for respondents.

BLAND, J.—Plaintiffs in their petition allege that plaintiffs Cheney and wife executed and delivered to defendants a warranty deed by which they conveyed to defendants certain real estate located in Sullivan county, Missouri; that by the terms of said deed defendants assumed and agreed to pay an encumbrance upon the land consisting of a deed of trust securing a note of eleven hundred and fifty ($1150) dollars; that defendants subsequently failed to pay said encumbrance and that by reason of such failure the land was sold under the deed of trust, but not bringing an amount sufficient to pay the indebtedness; and that, thereafter, suit was brought against plaintiffs on said note resulting in a judgment which plaintiffs were compelled to and did pay. Plaintiffs ask judgment against the defendants for the amount of such judgment and interest. The answer was a general denial. The case was tried by the court without the aid of a jury. The trial resulted in a verdict for plaintiffs.

Plaintiffs introduced evidence tending to show that they lived in Kirksville, Misouri, and had an agent by the name of Johnson who resided in Milan, Missouri, the county seat of the county in which the land was situated; that they understood that the land was to be deeded to defendants, but not understanding the defend-

ant's names thoroughly, they mailed the warranty deed, containing a provision that the grantees were to assume said encumbrance, to Johnson with instructions for him to fill in the names of the grantees. Thereafter Webster, one of the defendants, came to Johnson's office for the deed and Johnson started to write in the names of defendants as grantees therein but Webster asked him not to do so as he was not advised as to whom he wanted as grantees in·the deed. Mr. Johnson delivered the deed to Mr. Webster with the space for the names of the grantees left blank.

There was no evidence as to whether the names of any persons were ever inserted in the deed as grantees, but there was evidence tending to prove that defendants after the delivery of the deed to Webster were in possession of the property mentioned in the deed, exercising ownership thereof and attempting as owners to trade the same. Defendants introduced no evidence.

Defendants claim as there was no evidence that the name of any person was ever inserted in the deed as grantee, the deed is void, and even it is were shown that some name had been inserted as grantee the deed would nevertheless be void for the reason that Johnson was the only authorized agent of the grantors to insert the name, and as he failed to do so no one else had authority so to do.

That a valid deed might be signed, acknowledged and delivered with the name of the grantee left blank, provided there is authority, even oral, in someone to fill in the blank has never been a question in this State since the case of Field v. Stagg, 52 Mo. 534. [Derry v. Fielder, 216 Mo. l. c. 190.]

It needs no citation of authority to establish the fact that a deed for the conveyance of real estate is not a complete deed, and therefore not valid, until the name of the grantee is inserted by a person authorized so to do. However, it has been held that where the grantors in such·a deed are insisting upon its validity, and where the party to whom the deed was delivered and at whose request it was left in blank as to the name of the grantee; enters into possession of the land attempted thereby to

be conveyed, that the court will in effect write in the name of such party as the grantee therein, and as between such parties grantor or grantee the latter will be adjudged to be the owner of the land. [Frayer v. Holton, 54 Pac. 918.]

In the case at bar the evidence tends to show that there was a deal between the plaintiffs and the defendants wherein plaintiffs agreed to sell the lands to the defendants; that the deed conveying such lands was made out by plaintiffs and mailed to their agent and was by him delivered to these defendants with the space for the grantee's name left in blank. Defendants, after receiving this deed, entered into possession and exercised and enjoyed full ownership of the land. Under these circumstances it would be against good conscience and fair dealing for the court to hold that the defendants were not bound by the written instrument or deed which was delivered to them and without which they could not have enjoyed possession and apparent ownership of the land. We believe the case of Frayer v. Holton, supra, to be a well considered authority and one fully supporting the position we take in the case at bar.

However, appellants cite the case of Derry v. Fielder, supra, on the proposition that the agent Johnson was the only person who had authority from the grantors in this deed to fill in the name of the grantees, and unless said Johnson did fill in such names the deed must be void. In that case it was held that a person claiming an interest through the grantees in the deed could not make such claim unless he, and not one Clark, a real estate agent, was authorized by the grantor to fill in the name of the grantee. It will be seen that in the Derry case in effect the grantee was insisting upon the validity of the deed, a case which is readily distinguishable from one where the grantor is so insisting. In the case at bar it cannot be said there was no deed because the grantor's agent Johnson did not fill in the space as directed by the grantors, but instead delegated this authority to defendant Webster, as the grantors by insisting upon the validity of the deed are ratifying said action of their said agent.

Defendants are urging that the court erred in admitting hearsay testimony. This record is replete with prejudicial errors of this nature, and as the ground of complaint against all of of these matters is of a similar nature, we will take up only some of them.

Appellants contend that the court erred in permitting parol evidence as to the contracts, provisions and effect of the deed from plaintiff's grantor to plaintiffs wherein the deed of trust mentioned was assumed by plaintiffs. This contention of defendants we think to be well taken as there was absolutely no foundation laid for parol evidence of the contents of this deed.

Defendants also complain of the admission of parol evidence as to the contents of the alleged deed from plaintiffs to defendants. This, likewise, we believe to be well taken as there was no foundation laid for such evidence. There is no evidence as to any effort to find out as to the whereabouts of the deed and no request made of the defendants to produce it. There was even no showing worthy of the name whether the same was recorded.

Likewise the court erred in admitting in evidence parol evidence as to the contents of a letter alleged to have been written by the defendant Eggert to one of the plaintiffs. There was no evidence that this letter was signed by the defendant Eggert, the witness disclaiming any knowledge of said Eggert's handwriting and testifying only that he had received a letter through the mail signed by a man by the name of Eggert.

As this case must be retried we assume that plaintiffs will avoid all these errors and others of a similar nature complained of by defendants.

From what we have said the judgment must be reversed and the case remanded, and it is so ordered. All concur.