Jones, J.
 

 Section 8621, General Code, commonly known as the statute of frauds, provides:
 

 “No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default or miscarriage, of another person; * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.”
 

 The question determinative of this case, as stated by counsel for plaintiff in error, is whether the “verbal agreement alleged by the plaintiffs, upon which plaintiffs ’ claim against the defendant, Grant, was based, was within the statute of frauds.”
 

 
 *368
 
 Although denied by the defendant, the verbal agreement as alleged in the petition was sustained by the evidence of the Kinneys and the attorney, Wade. If that evidence was competent on the issue made regarding the verbal agreement, the cause should have been submitted to the jury; otherwise-, the court was justified in directing a verdict. The .situation of the parties at the time of the so-called verbal agreement was as follows: The Kinneys had a second mortgage upon the premises which •they were entitled to foreclose, and a petition therefor was pending when the alleged verbal agreement 'was made on June 29, 1922. Grant was desirous of purchasing the property, and three daj^s prior to this date he had received a deed from Pierce, the owner, which contained a provision against the assumption by Grant of personal liability upon the mortgage notes. This deed transaction was between Grant and Pierce, the Kinneys having no knowledge thereof. Whether there was any final delivery of this deed from Pierce to Grant on June 26, 1922, does not appear, but the inference from the testimony of Mr. Wade is that the acquirement of title by Grant from Pierce should be in abeyance until Grant had effected some adjustment of the pending foreclosure suit and had procured a reduction of interest upon the indebtedness secured by the second mortgage upon the premises which Grant purchased.
 

 The defendants in error, who were plaintiffs-below, sought a personal judgment against Grant by reason of an alleged verbal promise made to them by him on June 29, 1922. The plaintiffs alleged, and offered evidence in support of the allega
 
 *369
 
 tions, that they had a pending suit for foreclosure of a second mortgage upon the premises prior to June 29, 1922; that on this date Grant appeared at the office of an attorney and stated that he proposed to purchase the premises. At that time Grant admitted, on cross-examination, that he had a deed for the premises from Pierce bearing title June 26, 1922. This deed contained a clause relieving the grantee from personal liability on account of the mortgage indebtedness. However, Kinney testified that they knew nothing about this deed, and there is no testimony tending to show that they knew its contents or knew that it contained a provision whereby the grantee was not to assume any personal liability upon the second mortgage.
 

 The testimony of the Kinneys, plaintiffs below, was to the effect that on June 29, 1922, Grant verbally agreed with them that if they would dismiss the foreclosure proceeding and pay the costs thereof, and would throw off all interest then accrued on the mortgage notes, he would pay the $500 note then due and assume the notes and interest thereafter payable. It was in testimony that thereafter the Kinneys dismissed their foreclosure proceedings, paid the costs, amounting to $14 or $15, credited the interest accrued up to that time on the several mortgage notes, and received from Grant the sum of $500 upon the note then due. The amount of interest remitted and credited was about $120, to which extent Grant’s purchase would be relieved from the lien.
 

 It is conceded by the parties that Grant thereafter took possession of the premises. Was the
 
 *370
 
 agreement so testified to an original or collateral one upon the part of Grant? If it was collateral, and was one whereby he only became the surety or guarantor of the mortgage debt, then the special promise testified to on the trial would be within the statute of frauds, and under its terms no action could be brought to charge the plaintiff in error therewith. On the other hand, if it was an independent contract, made upon sufficient consideration, where the purpose of Grant was to achieve benefit for himself, the verbal promise so made would be an original and not a collateral promise, and would be enforceable.
 

 Under the circumstances testified to on the trial, we are of the opinion that the rule announced in
 
 Crawford
 
 v.
 
 Edison,
 
 45 Ohio St., 239, 13 N. E., 80, applies. The first proposition of the syllabus in that case is:
 

 “When the leading object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving a benefit to himself, or damage to the other contracting party, his promise is not within the statute of frauds, although it may be in form a promise to pay the debt of another and its performance may incidentally have the effect of extinguishing that liability.”
 

 That proposition is simply an adoption of the language employed by Mr. Justice Clifford in
 
 Emerson
 
 v.
 
 Slater,
 
 63 U. S., (22 How.), 28, 43, 16 L. Ed., 360, and is supported by a wealth of authority, as shown in the various cases cited under the text found in 25 Ruling Case Law, 494, Section 78. Among other cases, see
 
 Frohardt Bros.
 
 v.
 
 Duff,
 
 
 *371
 
 156 Iowa, 144, 135 N. W., 609, 40 L. R. A. (N. S.), 242, Ann. Cas., 1915B, 254;
 
 Manning
 
 v.
 
 Anthony,
 
 208 Mass., 399, 94 N. E., 466, 32 L. R. A., (N. S.), 1179;
 
 Winn
 
 v.
 
 Hillyer,
 
 43 Mo. App., 139;
 
 Johnson
 
 v.
 
 Huffaker,
 
 99 Kan., 466, 162 P., 1150, L. R. A., 1917D, 872. The
 
 Huffaher case
 
 is peculiarly similar to the instant case. The syllabus therein is as follows:
 

 “A promise to pay an existing note and mortgage executed by another, made to subserve the purpose and protect the interest of the promisor who had become the owner of the mortgaged land, the consideration for the promise being the forbearance of the creditor to whom the promise was made in bringing a foreclosure proceeding, constitutes an original undertaking of the promisor and is valid though not in writing.”
 

 Grant had the title or proposed to acquire the title to the premises covered by the second mortgagé; he sought to derive benefit for himself, as such purchaser, by the dismissal of the pending action, at the cost of the Kinneys, and by reduction of the mortgage debt upon the premises the title to which he was acquiring. On the other hand, the Kinneys, under the agreement and its acceptance by them, were placed at a disadvantage if the agreement were not enforced. The forbearance to prosecute the pending suit, their payment of the costs of dismissal, and the remission of all interest up to June 29, 1922, undoubtedly were sufficient consideration for the promises made. If the verbal promises made to Grant at the time were not that the debt should be reduced by the sum of $120 of interest credited, but reduced by a sum equal to
 
 *372
 
 one-half of the amount of the debt secured by the second mortgage, who would question the sufficiency of consideration or the exception of such verbal agreement from the statute of frauds ? The underlying legal principle is the same, whether Grant obtained a reduction of the mortgage debt in an amount equal to $120, or obtained a reduction equal to ten times that amount. The benefit or detriment accruing to the respective parties would be simply one of degree.
 

 Counsel for plaintiff in error advance the belated argument to this effect: That before this verbal testimony could be admitted upon the trial below, it would be incumbent upon the Kinneys to seek a reformation of the deed made by Pierce to Grant, wherein was contained the provision that Grant was not to assume personal liability for the payment of the second mortgage debt. Obviously, this argument is not tenable and cannot be sustained. In the first place, it was not necessary for the Kinneys to obtain the reformation of an instrument to which they were not a party, and the provisions of which were to them unknown; and in the second place, the agreement having subsequently been made, upon a new distinct, and sufficient consideration, after the time when said deed from Pierce to Grant was made, the testimony would have been relevant and competent in that aspect of the case.
 

 The trial court directed a verdict for the defendant, evidently upon the theory that the evidence relating to an agreement not in writing was incompetent and came within the statute of frauds. The Court of Appeals reversed the judgment and remanded the cause to the common pleas court
 
 *373
 
 for further proceedings according to law. The pleadings of the parties made a direct issue as to whether such verbal agreement was made; and, since that issue has not been disposed of in the trial court, the judgment of the Court of Appeals will be affirmed and the cause remanded to the common pleas court, in conformance with the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade and Matthias, JJ., concur.