## STRANGE v. MALONEY et al.

No. 26195.   Oct. 20, 1936.

Geo. L. Zink, for plaintiff in error.

Hughes & Hughes, for defendants in error.

PER CURIAM. This action was commenced in the trial court by Mary Reichart, as plaintiff, against G. H. Strange, as defendant. During the course of the proceedings, the plaintiff, Mary Reichart, died, and the cause was revived in the name of the present defendants in error, her executrices. The parties will be referred to as they appeared in the trial court.

Plaintiff's cause of action is based on a note in the sum of $5,500, secured by a mortgage on real estate located in the town of Lone Wolf, Okla. The plaintiff, in her amended petition, alleged that the note and mortgage were originally made by H. Lee Benefield and Kathryn P. Benefield, the former owners of the property. The plaintiff alleged that on or about June 1, 1930, when an installment became due on the mortgage note, the defendant, G. H. Strange, advised her that he had purchased the property from Benefield, and that in obtaining title from Benefield, he had assumed

and agreed to pay the mortgage. The plaintiff also alleged that at the same time G. H. Strange requested an extension of the note, and in consideration therefor promised and agreed that he would assume the mortgage indebtedness. This request plaintiff granted, it is alleged. Plaintiff further stated that the warranty deed executed by the Benefields to Strange was drawn with the name of the grantee in blank, although authority was given Strange to fill in his name as grantee. Plaintiff further alleged that by the mutual mistake of the Benefields and Strange, the assumption of the mortgage indebtedness was not provided for in the deed. Plaintiff seeks a reformation of the instrument so that it will provide for assumption of the mortgage by Strange.

The defendant, Strange, in his answer, denies having assumed the payment of the mortgage indebtedness, either by means of the deed from Benefield or by means of an oral agreement with the plaintiff. The defendant has attached to his answer as an exhibit a copy of the deed from the Benefields. The instrument is in the form of a general warranty deed. It is dated May 26, 1930. In so far as the mortgage is concerned, it provides as follows:

"This conveyance is made subject to incumbrances shown of record."

The name of the grantee is in blank. The deed is acknowledged and in other respects is entirely regular.

Upon the trial of the case, it appeared that the original mortgagor, H. Lee Benefield, formerly operated a garage business on the premises in the town of Lone Wolf. In April, 1929, he left the state owing secured and unsecured obligations in large amounts. Thereafter a creditors' committee was formed for the purpose of taking over the business and salvaging the assets. The committee consisted of G. H. Strange, who represented one of the principal creditors, the Orient State Bank, R. C. Hobbs, who represented the other principal creditor, J. S. Hoffman, Inc., and J. R. Wetzell, who represented the smaller unsecured creditors. At the time, G. H. Strange was vice president and part owner of the bank. In April, 1929, Benefield and his wife were induced to execute a second mortgage to this creditors' committee covering the premises. In April of the following year, this mortgage was assigned to the defendant, G. H. Strange. Upon Benefield's return to Lone Wolf in May, 1930, he was induced by Geo. L. Zink, representing J. S. Hoffman, Inc., and the bank, to sign the warranty deed previously mentioned, leaving the grantee's name blank. Apparently this was done because the creditors' committee had not yet determined who would finally get title to the property. In June, 1930, the creditors' committee sold the personal property in and about the garage at public auction, and the defendant, Strange, was the purchaser. Shortly thereafter, according to Strange's testimony, he negotiated with J. S. Hoffman, Inc., and the bank, and took over the business, including possession of the property.

On the day that the defendant, Strange, purchased the personal property at public auction, he held a conversation on the premises with Mary Reichart, the mortgagee, and her husband, E. Reichart. Plaintiff's evidence shows that during the course of this conversation, the defendant asked for an extension of time of the indebtedness of six months or a year, and in consideration therefor agreed to assume the indebtedness, and that the extension was granted on these terms. This testimony is flatly denied by the defendant.

The evidence pertaining to the warranty deed and the insertion of an assumption clause therein is equally conflicting. Benefield, the grantor, testified that when the deed was executed he directed that whoever should take the title thereunder should assume the mortgage. He stated that he was under the impression that the words "subject to incumbrances shown of record" constituted an assumption. His testimony in this respect is not corroborated by the testimony of others present on that occasion, including the lawyers representing him, and is more or less contradicted by them.

As has been previously stated, the warranty deed from the Benefields did not designate a grantee, and the deed is still in that condition. During the trial, Geo. L. Zink, who formerly represented the principal creditors and who now represents the defendant, Strange, testified that J. C. Jacobs, the president of the bank, told him that it had been determined between the members of the creditors' committee that G. H. Strange's name should be inserted as grantee in the deed. This was not done. The deed remained in Zink's possession and was not discovered by him until after the filing of this action. Other evidence introduced at the time of the trial shows that Strange took possession of the property and executed acts of dominion and control over it until the appointment of a receiver in this case.

The plaintiff, in her brief, concedes that recovery rests solely upon her contention that the defendant orally agreed with her and her husband, E. Reichart, that he would assume and pay off the mortgage, and in consideration of such promise the Reicharts agreed to an extension of the mortgage for a period of six months or a year.

Evidence concerning this agreement is flatly in conflict. There is sufficient evidence in support of plaintiff's contention that there was such an agreement which, if believed by the jury, would support a verdict. The jury found for the plaintiff, and we will not disturb that finding unless reversible error be shown, aside from the sufficiency of the evidence on this point.

Authorities from other jurisdictions support the rule that the purchaser of mortgaged property, who has not in the first instance assumed the payment of the mortgage indebtedness, may make a valid, express promise to the mortgagee whereby he becomes personally liable for the debt secured, and it is held that an extension of time or a forbearance to foreclose is good consideration for such a promise. Wiswall v. Giroux, 70 Colo. 121, 197 P. 759; Fitzgerald v. Flanagan, 155 Iowa, 217, 135 N. W. 738; Green v. Hall, 45 Neb. 89, 63 N. W. 119; Grant v. Kinney, 117 Ohio St. 362, 159 N. E. 346; Citizens Permanent Savings & Loan Association v. Rampe, 68 App. Div. 556, 74 N. Y. S. 192; Person v. Plough, 174 Wash. 160, 24 P. (2d) 591. These cases are discussed in 94 A. L. R. page 1329.

This court has held that forbearance from suit constitutes a valuable consideration. Sawyer v. Bahnsen, 102 Okla. 41, 226 P. 344.

For reversal of the trial court's judgment holding the defendant personally liable for the mortgage debt, the defendant urges:

(1) That he never acquired title to the real estate.

(2) That there was no assumption of plaintiff's mortgage debt by any conveyance to the defendant.

(3) That there was no contract of novation.

(4) That the statute of frauds precludes any recovery against the defendant.

In so far as the first assignment of error is concerned, it may be said that the general rule, amply supported by authorities, holds that an instrument purporting to be a deed, in which a blank has been left for the name of the grantee, is no deed and is inoperative as a conveyance. Numerous cases supporting this rule are found in annotations in 32 A. L. R. 737 and 75 A. L. R. 1108. However, this court has held that while a deed executed with the name of the grantee left blank is defective and incomplete, yet, if the name is inserted by the authority of the grantor, it may become valid and effective as a conveyance. Sanders v. Kirk, 140 Okla. 26, 282 P. 145; Wright v. Sconyers, 150 Okla. 3, 300 P. 672; Chestnut v. Worley, 164 Okla. 153, 23 P. (2d) 196.

Other jurisdictions have held that a specific assumption agreement contained in a deed may be enforced when the purchaser has taken possession, even though the name of the grantee was not inserted in the deed. Frayer v. Holton, 8 Kan. App. 718, 54 P. 918; McCollum v. Smith (Mo. 1917) 199 S. W. 271.

In this case, the plaintiff seeks recovery upon an agreement made with the mortgagee after the execution of the deed. We do not deem it necessary to determine the precise nature and extent of the defendant's title to the premises in order to find for the plaintiff upon this theory. It is sufficient to say that the defendant held exclusive possession of the premises free from any claim of the former owner, Benefield. The deed was available to him. He could have gone to Zink, who now represents him in this case, had his name inserted in the deed and secured good title at any time that he chose, in accordance with Benefield's instructions to Zink. Certainly the defendant possessed sufficient interest in the property so that plaintiff's extension of the mortgage debt constituted a valuable consideration to him sufficient to support his promise to assume and pay that debt.

Grant v. Kinney, supra, involved a fact situation similar to this one. In the Grant Case, the defendant was sought to be held on an oral agreement made with the mortgagee to assume the mortgage. At the time of the agreement, a deed to the defendant had been executed, but delivery was delayed pending negotiations between the purchaser and the mortgagee. The court pointed out that the parties agreed that the defendant had taken possession, and decreed that the defendant could be held liable on the assumption agreement made with the mortgagee.

For his second assignment of error, defendant contends that there was no assumption of plaintiff's mortgage debt by the con-

veyance to the defendant. With this contention we agree. The grantor, Benefield, alone testified that it was the agreement of the parties at the time the deed was executed that the grantee should assume the mortgage. His lawyer, Clayton Carder, and other witnesses testified to the contrary. The deed was drawn subject to the mortgage. We believe that the authorities support the rule that a parol promise to assume a mortgage, made to the grantor as part of the consideration for the conveyance, must be established by clear and convincing evidence. Ordway v. Downey (1898) 18 Wash. 412, 51 P. 1047, 52 P. 228; Enos v. Anderson, 40 Colo. 395, 93 P. 475. This court, in Continental Life Ins. Co. v. Phillips, 170 Okla. 34, 38 P. (2d) 564, has held that personal liability on the part of the grantee is created only by his distinct assumption of the mortgage debt. To the same effect is Van Eman v. Mosing, 36 Okla. 555, 129 P. 2.

In consequence, in view of the evidence, the verdict for the plaintiffs on this theory of the case is improper. However, a judgment not disclosing on which of several grounds it is based, but which is general in terms, will not be reversed if any one of such grounds is a valid basis therefor, and there is sufficient evidence to sustain it upon such grounds. Hines v. Olsen, 78 Okla. 259, 190 P. 266. As previously indicated, the verdict in this case can be sustained upon the theory that the defendant entered into an oral agreement with the mortgagee for the payment of the indebtedness.

The defendant's third ground for reversal is that there was no contract of novation. We do not see that the presence or absence of a novation is of consequence in this case. Whether or not a true novation occurred and the original mortgagors, the Benefields, were discharged, has no bearing upon the contractual rights and obligations entered into between the mortgagee and the defendant, Strange.

The defendant's fourth ground for reversal is that the plaintiff's recovery is barred by the statute of frauds. The question arises whether the oral agreement between Mary Reichart, E. Reichart and Strange is invalid because it is not in writing as required by the statute of frauds. Section 9455, O. S. 1931, provides as follows:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent.

"Second. A special promise to answer for the debt, default or miscarriage of another, except in the cases provided for in the article on guaranty."

Section 9604, O. S. 1931 (which is "the article on Guaranty") provides:

"A promise to answer for the obligation of another in any of the following cases is deemed an original obligation of the promisor, and need not be in writing: * * *

"Third. Where the promise, being for an antecedent obligation of another is made * * * upon a consideration beneficial to the promisor, whether moving from either party to the antecedent obligation, or from another person."

These statutes are contrary to the defendant's contention. As required by section 9604, the promisor, Strange, made his promise upon a consideration beneficial to him, viz., the forbearance by the mortgagee from disturbing his possession of the property by foreclosure. Consequently, the promise is deemed an original obligation and did not have to be in writing. In commenting upon identical statutes, the Montana court, in McCormick v. Johnson, 31 Mont. 266, 78 P. 500, 502, said:

"While there is considerable conflict in the authorities respecting the proper construction to be given to statutes of this character, the decided weight of authority seems to uphold this rule, namely: when the original debt was antecedently contracted and subsists, the promise to pay it is original if founded upon a new consideration moving to the promisor, and beneficial to him, and such that the promisor thereby comes under an independent duty of payment, irrespective of the liability of the principal debtor. * * * In Emerson v. Slater, 22 How. (U. S.) 28, 16 L. Ed. 360, the same rule, in effect, is thus stated: 'Cases arise which also fall within the statute, where the collateral agreement is subsequent to the execution of the debt, and was not the inducement to it, on the ground that the subsisting liability was the foundation of the promise on the part of the defendant, without any other direct and separate consideration moving between the parties. But, whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself or damage to the contracting party, his promise is not within the statute, although it may be in form a promise to pay the debt of another, and although the performance of it may incidentally have the effect of extinguishing that liability."

Other jurisdictions reach a similar conclusion without the aid of such a statute as section 9604. In Johnson v. Huffaker,

99 Kan. 466, 162 P. 1150, 1152, the court, in discussing the precise question involved herein, said:

"However, the agreement is not to be regarded as a collateral one, or a promise to pay the debt of another, within the statute of frauds. The action taken and the promises made by Mrs. Cunningham (the defendant) were not taken and made to aid the debtor, the maker of the note and mortgage held by Johnson (the plaintiff). Her purpose was to protect her investment in the land, and not to become a surety or guarantor for the maker of the note and mortgage or for any one else. The promise having been made for her own benefit —that is, to protect her land from foreclosures, based on the new consideration of forbearance in the bringing of foreclosure proceedings—it is original and need not be in writing in order to be valid."

In Kahn v. Waldman, 283 Mass. 391, 186 N. E. 587, the court held that a second mortgagee's oral promise to pay the first mortgage is not within the statute of frauds where such promise was made to prevent foreclosure of the first mortgage so that the promisor could at once acquire title to the property, subject only to the first mortgage.

In Grant v. Kinney, supra, the court held that a grantee's verbal promise to pay a mortgage on the lands if the mortgagee would dismiss the pending foreclosure proceedings is not within the statute of frauds.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Joseph L. Seger, Ray S. Fellows, and Max G. Cohen in this case. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Seger and approved by Mr. Fellows and Mr. Cohen. the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration. this opinion was adopted. as modified.

McNEILL, C. J., OSBORN. V. C. J.. and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS. BUSBY, and WELCH. JJ., absent.