HARRIS B. MUNSON *vs.* JOHN S. WASHBAND AND WIFE.

A female infant was seduced and got with child, under a promise of marriage. The seducer afterwards refused to marry her, and she was left in a state of destitution and suffering. In these circumstances she applied to an attorney to bring suit for her for the breach of the promise of marriage, the seducer being a man of considerable property. The attorney brought the suit, which was afterwards settled by the marriage of the parties. After the marriage the attorney sued the husband and wife for his fees. The court charged the jury that if the services were absolutely requisite for the personal relief, protection and support of the minor, she could contract for them and the defendants were liable. Held, on motion of the defendants for a new trial, that the charge was correct.

In cases where, under peculiar circumstances, a civil suit is the only means by which an infant can procure the absolute necessaries which he requires, it would be a reproach to the law to deny him the power to make the necessary contracts for its commencement and prosecution.

There is no reason why the power of an infant to contract for necessaries should not be governed by the same general principles which determine the power of a married woman, abandoned by her husband, to procure necessaries; and it is well settled that her power extends to legal proceedings necessary to her personal security.

ASSUMPSIT, for services rendered and moneys paid out by the plaintiff, as a counsellor at law, for Minerva E. Washband, one of the defendants, before her intermarriage with John S. Washband, the other defendant. The case was tried in the superior court, on the general issue with notice of the defense of infancy, before *Mc Curdy, J.*

On the trial it was admitted by the plaintiff that the said Minerva was an infant at the time when the services were rendered and the moneys paid. The principal defense was that the services and advancements were not of the nature of necessaries. The plaintiff offered to prove that the said John S. Washband had, under a promise of marriage, seduced and debauched the said Minerva, and got her with child, and had then refused to marry her; that she was entirely poor, and without the means of living or obtaining work on account of her loss of character, and that her father had turned her out of doors; that he too was entirely poor, and of intemperate habits, and unable and unwilling to assist her in carrying on a suit for her relief; that she employed the plaintiff to bring a suit for the breach of promise so as to

compel Washband either to marry and so support her, or to supply her with the means of living; that the suit was necessary for her personal maintenance, and that it in fact produced that result; and that the services were proper and the charges just. To the admission of this evidence the defendants objected, on the ground that it was irrelevant and did not conduce to prove that the services and advances were of the nature of necessaries for which the defendants or either of them were liable in law. But the court admitted the evidence.

The defendants requested the court to charge the jury, 1st, that an infant is liable only for necessaries, and for those only when she is not provided by her parents, and that her husband is only liable to pay the wife's debts contracted when she is sole for which she is liable at the time of her marriage; and 2d, that necessaries consist only of necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence, and that attorney's fees for a suit of the character of the one here in question, do not come within the meaning of the term necessaries. The court charged the jury as requested on the first point, but, in relation to the second, said that although, as a general rule, such services were not of the nature of necessaries, yet in a case where they should be absolutely requisite for the personal relief, protection and support of a minor, such minors would be bound in law to pay for them; and that if they should find in this case that the facts claimed by the plaintiff were true, they need not be prevented from rendering a verdict for the plaintiff, by reason of the principles of law relied upon by the defendants. But if they should not so find, their verdict should be for the defendants.

The jury rendered a verdict for the plaintiff, and the defendants moved for a new trial.

*Webster*, and *Gillette*, in support of the motion, cited 2 Kent Com., 239; 1 Swift Dig., 52; *Rotch* v. *Miles*, 2 Conn., 651; *Shelton* v. *Pendleton*, 18 id., 423; *Brooker* v. *Scott*, 11 Mees. & Wels., 67; *Wharton* v. *Mackenzie*, 5 Queen Bench,

606; *Smithpeters* v. *Griffins, Admr.,* 10 B. Monr., 259; *Wailing* v. *Toll,* 9 Johns., 141; *Phelps* v. *Worcester,* 11 N. Hamp., 51; *Tupper* v. *Caldwell,* 12 Met., 559; 1 Parsons on Cont., 246, note *l.*

*Blackman* and *Doolittle,* with whom were *Munson,* contra, cited 1 Swift Dig.; 53; 2 Greenl. Ev., § 365; 1 Parsons on Cont., 246; 2 Kent Com., 239; *Stanton* v. *Willson,* 3 Day, 57; *Abell* v. *Warner,* 4 Verm., 149, 152; *Davis* v. *Caldwell,* 12 Cush., 512; *Morris* v. *Palmer,* 39 N. Hamp., 123; *Shepherd* v. *Mackoul,* 3 Camp., 326; *Hands* v. *Slaney,* 8 T. R., 578; *Clarke* v. *Leslie,* 5 Esp., 28; *Berolles* v. *Ramsay,* 1 Holt, 77; *Peters* v. *Fleming,* 6 Mees. & Wels., 42, 47; *Brown* v. *Ackroyd,* 34 Eng. Law & Eq., 214.

HINMAN C. J. This is an action against husband and wife, in which the plaintiff seeks to recover for his services as an attorney and counsellor at law, and for moneys expended by him, in commencing and prosecuting, in favor of the wife, while she was a feme sole, and an infant under the age of twenty-one years, an action for the breach of a promise of marriage, against her present husband. The conduct of the defendant in that suit, both before and after its commencement, in connection with the conduct of the plaintiff's father, was such as to render the services and expenses, thus rendered and incurred, necessaries very suitable to her condition at that time, if such services and expenses ever can be deemed necessaries in such a case. She was in a helpless and almost desperate condition, but she had valid claims upon the author of her calamity for the personal wrongs which she had suffered at his hands, as well as for the breach of his contract to marry her, by which, if she could enforce them by suits at law, she could obtain the relief which she needed, and save herself from becoming a public charge. It was under such circumstances that she applied for the professional assistance of the plaintiff; and the result of the suit which was commenced was the intermarriage of the parties to it, pursuant to the promises which the defendant had made; showing, as satis-

factorily as could well be, that the claims made upon him in that action were legal and just, as otherwise the suit could never have thus terminated.

Can the plaintiff's charges for prosecuting that action be considered as necessaries, under the circumstances? The rule usually stated in the text-books confines the term " necessaries," for which a minor may bind himself, to suitable food, shelter, clothing, washing, medicine, medical attendance and education ; and this is claimed to be an unbending technical rule, while in respect to the quantity and quality of these classes of necessaries, it is admitted that it depends entirely upon what a court or jury may think, in each case, suitable and proper in reference to the infant's condition and station in life. We are not satisfied, however, that the rule is as exclusive in respect to what may properly be considered as necessary for an infant, under all circumstances, as the defendants claim. It is the constant practice of courts, when considering what properly constitutes necessaries, to illustrate the rule by reference to decisions upon that subject, without distinguishing between the cases of infants and of married women. And we suppose that necessaries for an infant abandoned by its parents, must be the same as necessaries for a married woman who has been abandoned by her husband, where there is no material difference in the standing and situation of the parties themselves. And, in regard to a woman in this condition, it appears to be well settled that any expense necessary for her personal security may properly be recovered of her husband on this ground. He is liable for the costs, where articles of the peace are exhibited against him in consequence of his personal abuse of his wife. *Shepherd* v. *Mackoul*, 3 Camp., 326. And, in such cases, it makes no difference that the wife has a separate maintenance, out of which she might be able to pay the costs. *Turner* v. *Rookes*, 10 Adol. & El., 47. And a proctor's costs in an application by the wife for divorce, on the ground of cruelty, have been held to be a proper charge against the husband. *Brown* v. *Ackroyd*, 34 Eng. Law & Eq. R. 214., This case is distinguishable from *Shelton* v. *Pendleton*, 18 Conn., 417, in this

respect, that in the latter case there was no charge or claim of cruelty on the part of the husband, and the case was put on the ground that the expenses were not incurred to secure the wife's present necessities, but only to provide for her future comfort as a divorced woman; and the court remarked that, under our law, divorces were rather matters of privilege and favor than of necessity. The personal security of the wife, then, is legally a necessary, and the expense of securing it is a proper charge against the husband. By the same reasoning, the personal security of an infant is legally necessary for him, and for the expense of obtaining it he may legally contract, where he has no parent or guardian to provide it for him or secure it to him. If we look at the prosecution of the suit which this infant commenced, as her only mode, under her peculiar circumstances, of procuring the means of living, it comes within the principle allowing her to contract for necessaries within the rule as understood by the defendants themselves. But if we admit that we are extending the rule, or are making an exception to it, in a case situated as this is, we still think the circumstances call for such extension or exception. The law being founded in reason admits of exceptions. Now one of the principal reasons why an infant is not allowed to make contracts is to protect him from improvident bargains resulting from his inexperience; and the same reason causes the exception, where he is allowed to contract for necessaries, since it can never be for his benefit to be unable to contract for food, shelter, &c., if he has no funds or other means of being provided for; and situated as this infant was, abandoned by her natural protector, and having become an outcast, but still having valid claims which, if enforced, would rescue her from this condition, it appears to us that it was obviously for her benefit that she should be enabled to employ counsel to enforce them. It was not the case of merely prosecuting an infant's right to property, or for the recovery of an ordinary debt. In such cases there is or ought to be a guardian to protect the infant's rights. There was none here, and it does not appear that there were any practicable means of procuring one to be appointed. No one would

incur liabilities on her account, unless he could rely upon her agreement to indemnify him out of the damages she might recover in the suits to be commenced. It appears to us, therefore, that while the court recognized the rule that the ordinary fees of an attorney for the prosecution of an infant's rights to property could not generally be said to be necessaries, it yet further correctly informed them, in substance, that such services, where requisite for the personal relief, protection and support of the infant, might lawfully be contracted for by the infant, and that he would be bound in law to pay for them. It appears to us that this is a very reasonable rule, which will operate for the benefit of minors, and therefore comes within the principle on which they are allowed in certain cases to make contracts, and in others are not authorized to do so.

We think there may be cases, and the jury have found this to be one of them, where a civil suit may, under extraordinary circumstances, be the only means by which an infant can procure the absolute necessaries which he requires, and where such is the case, it would be a reproach to the law to deny him the power of making the necessary contracts for its commencement and prosecution.

We do not therefore advise a new trial.

In this opinion the other judges concurred; except SANFORD J., who did not sit.