CHESTER C. CONANT & another vs. FREDERICK L. BURNHAM.

Franklin. Sept. 20. — Nov. 25, 1882. LORD, FIELD & COLBURN, JJ., absent.

A husband is liable for legal services rendered to his wife in successfully defending her against a complaint instituted against her by him for being a common drunkard.

A husband is not liable for legal services rendered his wife in instituting a complaint against him for an assault and battery upon her.

CONTRACT in three counts. The first count was for professional services rendered by the plaintiffs, as attorneys at law, to Kate A. Burnham, the defendant's wife, at her request, according to an account annexed, containing four items amounting to $47; and alleged that the services were necessary. The second count alleged that the defendant committed a serious assault and battery upon the person of his wife, the said Kate A.; that she employed the plaintiffs, as attorneys at law, to make a complaint and to prosecute the defendant for said offence; that the plaintiffs made such complaint, upon which the defendant was convicted and sentenced; that for said services the defendant owed the plaintiffs the sum of seven dollars; that the services were rendered on or about October 3, 1881, and " were necessary for the safety and protection of the said Kate A.; this count being for the same cause of action as the first item in the first count." The third count alleged that, on October 3, 1881, the defendant made a complaint against his wife, the said Kate A., charging her with the offence of being a common drunkard,

before a trial justice; that she employed the plaintiffs as attorneys to conduct her defence upon the trial of said complaint; that they appeared and acted for her at the trial, and she was there convicted and sentenced to one year's imprisonment; that the plaintiffs entered an appeal for her to the Superior Court; and that the defendant owed the plaintiffs the sum of five dollars for the services so rendered; that in the Superior Court, on November 22, 1881, said appeal was tried, and said Kate A. was duly acquitted; that the plaintiffs made preparation for the trial, saw a large number of witnesses, took the deposition of a certain person, and procured the affidavit of a physician named, and did other acts to make ready the defence, and the defendant owed them the sum of ten dollars for said services; and that the plaintiffs tried the case in the Superior Court, wherein the said Kate A. was found not guilty, and the defendant owed them the sum of twenty-five dollars for services at said trial, " and for other services in said case not otherwise embraced in the foregoing items; " that " said services were so rendered by the plaintiff at the request of the said Kate A., and were necessary for the safety and protection of the said Kate A. and for the vindication of her good name, this count being for the same cause of action as the second, third and fourth items in the first count."

In the Superior Court, the parties agreed that the statements set forth in the declaration might be taken to be true. Upon this agreed statement, the court ordered judgment for the plaintiffs; and the defendant appealed to this court.

*C. C. Conant & S. D. Conant*, pro se.

*G. D. Williams*, for the defendant.

C. ALLEN, J.   The defence is put on the broad ground, that in this State counsel fees for legal services rendered to a wife at her request do not in any case fall within the class of necessaries, for which the husband may be held liable. It has sometimes been thought possible to make an exact enumeration of all the kinds or classes of articles which can be included within the meaning of that term.   See *Shelton* v. *Pendleton*, 18 Conn. 417, 423, and authorities there cited.   But we do not think it desirable to attempt to prescribe a universal rule or formula for the specific determination of this question in every case.   In a general way,

it may be said that whatever naturally and reasonably tends to relieve distress, or materially and in some essential particular to promote comfort, either of body or mind, may be deemed to be a necessary, for which a wife, under proper circumstances, may pledge her husband's credit. A somewhat broader declaration of the general principle is found in a recent English case, where Thesiger, L. J. said, that "the word 'necessary' in its legal sense, as applied to a wife, merely means something which it is reasonable that she should enjoy." *Ottaway* v. *Hamilton*, 3 C. P. D. 393, 401. And in this State it has been declared heretofore, that, "as a general rule, the term 'necessaries,' applied to a wife, is not confined to articles of food or clothing required to sustain life or preserve decency, but includes such articles of utility as are suitable to maintain her according to the estate and degree of her husband." *Raynes* v. *Bennett*, 114 Mass. 424, 429.

Each case must be determined, by its own circumstances. Approximations may sometimes be made, by holding that certain articles or services are to be deemed outside of any reasonable construction of the term. But legal services do not fall within such universal or general exclusion. There may be occasions when such services are absolutely essential for the relief of a wife's physical or mental distress. Suing out a writ of *habeas corpus* to deliver herself from unjust and illegal imprisonment, or to regain possession of her child, might, under peculiar circumstances, furnish illustrations of a strong necessity. Another illustration may be found in the circumstances of the present case. The husband had committed an assault and battery upon his wife, and had instituted against her a criminal prosecution, which, from her final acquittal, may now be assumed to have been perhaps without just foundation. What was she to do? Is it to be held that the woman, ignorant of legal rules and methods of proceeding, without money or friends, not only deprived of the protection and aid of her husband, but encountering his active hostility, was competent to defend herself properly on her trial before a jury? This would be equivalent to saying that the law considers the assistance of attorneys of no value. This would not be consistent with the provision of the Declaration of Rights, and of the statutes, giving to every person accused of crime the right to be heard in his defence by counsel.

Declaration of Rights, art. 12. Pub. Sts. *c.* 200, § 4. In an indictment for murder, counsel are assigned to the prisoner by the court, under the provisions of the Pub. Sts. *c.* 150, § 19, and are expected to serve without pay, if the prisoner cannot furnish compensation; and no such prisoner has gone undefended on this ground. There is no provision of statute for assigning counsel to one indicted for a less offence. But, if such assistance was of value to the defendant's wife, and was necessary to her, no artificial rule of law should be interposed to prevent her from obtaining it, in the same manner as the law allows her to obtain whatever else may be absolutely necessary, under such circumstances as may exist at the time. There is no hardship upon the husband, in this case, from the application of this rule; for by his own act he created the necessity which she was under, and he made no provision for supplying it. The defendant's counsel concedes that the plaintiff's services were as a matter of fact necessary. Recent English decisions fully establish the doctrine, for that country, that legal services may fall within the class of necessaries. *Ottaway* v. *Hamilton, ubi supra. Wilson* v. *Ford*, L. R. 3 Ex. 63. *Stocken* v. *Pattrick*, 29 Law Times (N. S.) 507.

This court has heretofore held that a husband is not liable for legal services rendered to his wife in successfully defending her against a libel for divorce filed by him. *Coffin* v. *Dunham*, 8 Cush. 404. There are reasons peculiarly applicable, in this Commonwealth, to services in such proceedings, which do not apply to cases like the present.

Under the laws and customs of this State, we do not think that legal assistance was necessary for this woman in prosecuting her husband for an assault and battery upon her. The complaint in such case may be made orally to the magistrate, who will himself reduce it to writing, issue a warrant if it appears that an offence has been committed, and investigate the case. Pub. Sts. *c.* 212, §§ 15, 29. The agreement of the defendant, that the statements set forth in the declaration may be taken to be true, was probably not designed to extend to the averment that these services "were necessary for the safety and protection of the said Kate A." At any rate, to hold them to have been necessary would be to assume that the magistrate

would fail in his duty. The result is, that the charge of seven dollars for these services may be remitted ; and, this being done, the entry, as to the rest of the plaintiff's claim, will be

*Judgment affirmed.*