## No. 16,173.

### READ *v.* READ.
(202 P. [2d] 953)

Decided January 31, 1949.

Mr. ROMILLY FOOTE, for plaintiff in error.

Mr. JOHN L. SCHWEIGERT, Mr. E. U. SANDOVAL, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

BEULAH ANN READ instituted an action to procure a divorce from Ralph Read, her husband, and, seeking therein to set aside the transfer of realty and personal property by Ralph Read to his mother and father, she joined them as parties defendant.

In the divorce action the wife's motion for an order requiring her husband to pay certain expenses incident to the proceeding and other allowances and expenses in connection with a criminal action against her was granted, to review which ruling a writ of error was duly issued.

We will herein refer to Beulah Ann Read as plaintiff, and to Ralph Read as defendant.

In plaintiff's motion she sought an order requiring defendant to pay: 1. $75 per month as temporary support for herself and infant daughter; 2. $50 for confinement expenses incurred at the birth of the daughter; 3. $200 as attorney fees in the divorce action; 4. $150 costs of a transcript in a trial wherein she was charged with murder of the first degree and convicted of murder of the second degree, and a new trial was granted; 5. $1,000

attorney's fee incurred in her defense in a retrial; 6. $400 for docket fee, transcript of record, and briefs in connection with a writ of error in the Supreme Court to review her conviction of murder of the second degree; 7. $1,000 as attorney's fee in the last-named proceeding.

The above motion was filed in the divorce action July 26, 1948, and a hearing on the motion had August 10, 1948, at which both plaintiff and defendant testified. The court then entered an order requiring defendant to pay to plaintiff the sum of $70 per month for the support of herself and child and an attorney's fee of $150, payable in monthly installments of $25 each. Thereafter and on October 20, 1948, without further testimony being taken, the court entered "Findings" and "Order," of which the following is a part:

### "Findings.

"From the record and files in this case the following important facts are weighed and considered, to wit:

"December 27, 1946 Karol Read was born to the plaintiff, Beulah Ann Read, and defendant, Ralph Read.

"March 4, 1947 the said Beulah Ann Read and the said Ralph Read were married.

"September 26, 1947 Karol Read died, and for her death the plaintiff was indicted.

"October, 1947 plaintiff was convicted for causing the death of the said Karol Read.

"November, 1947 there was a break or disagreement between the plaintiff on the one hand, and the defendant and her attorney, Romilly Foote, on the other hand.

"November 12, 1947 John L. Schweigert entered his appearance for the plaintiff in the criminal case, and her motion for a new trial was subsequently granted.

"December 23, 1947 the defendant Ralph Read conveyed his property, both real and personal, to his father and mother, namely James L. Read and Fannie Read.

"March 24, 1948 plaintiff filed her action for divorce, and to have the conveyance of said property to the de-

fendants, James L. Read and Fannie Read, set aside and held for naught.

"May 11, 1948 Mary Elizabeth Read, a second child, was born to the plaintiff, Beulah Ann Read, and the defendant, Ralph Read.

"June, 1948 upon retrial of the criminal case, plaintiff was again convicted for causing the death of the said Karol Read.

"July 26, 1948 the motion now under consideration by the Court was filed herein.

"July 30, 1948 plaintiff's motion for a new trial being denied, she was sentenced to the State Penitentiary and sixty days were allowed to tender a bill of exceptions.

"September 30, 1948 the Court gave her an additional sixty days to tender a bill of exceptions and perfect her appeal.

"In the different hearings had before this Court, it has been repeatedly proclaimed that the defendant, Ralph Read, readily came to the rescue of his wife, the plaintiff herein, arranged for and financed her defense in the first criminal trial, employed to defend her his present attorney, Romilly Foote; that defendant, Ralph Read, apparently stood ready and willing and was able to help his wife both financially and morally in her application for a new trial and defense in the second prosecution, but for reasons unknown to the Court, there was a breach between plaintiff and her husband and her then attorney, Mr. Foote; that plaintiff insisted upon being represented by an attorney other than Mr. Foote, which defendant refused to obtain for her; that after plaintiff and her relations made arrangement with John L. Schweigert and E. U. Sandoval, her present attorneys, to represent and defend her in her second or new trial, the defendant, Ralph Read, conveyed all of his property, both real and personal, to his parents, James L. Read, and Fannie Read; that ill feeling between plaintiff and her husband, defendant Ralph Read, continued to grow and on March 4, 1948 plaintiff filed her action for divorce.

After her second conviction the motion for 'suit money' now being considered, was argued to the Court.

"The Court finds that there was an agreement or an understanding of some sort between plaintiff and relatives, who came to her assistance, and her present attorneys, Messrs. Schweigert and Sandoval, relative to representing plaintiff in the second criminal trial; that the transcript of the record of the first criminal trial and defending her in the second trial were matters that had occurred prior to the filing of the motion now under consideration; that these expenses incurred under the surrounding circumstances are not a part of the necessities of life for which this Court has power under the motion now before it to require the defendant to pay.

"The Court further finds that the separation of plaintiff and defendant (wife and husband, respectively), and the defendant's conveyance of his property on December 23, 1947 left the plaintiff wholly destitute and that she now has no means of subsistence save and except that furnished by the husband under order of Court; that whatever interest, if any, plaintiff may have in the property so conveyed by defendant is now in litigation and cannot be determined for some time; that the plaintiff has at all times contended and still contends she is innocent of the offense charged, and apparently her contention was shared and supported by her husband, the defendant Ralph Read, until the breach between them occurred in November, 1947, when plaintiff saw fit not to accept for her defense the attorney her husband preferred.

"The Court further finds that plaintiff is at this time in need of and entitled to a proper defense in the prosecution of her appeal in the Supreme Court; that a reasonable expenditure for such is a just, legitimate and necessary expense for which the defendant, Ralph Read, as husband of plaintiff, can on plaintiff's motion be required by this Court to defray; that the amount thereof, however, the Court at this time, in fairness to all the

parties interested, is unable to determine, hence fixing the amount thereof must necessarily be held in abeyance and passed upon after hearing testimony as to the amount of work necessarily performed and the value of such services. To start the appeal and to docket the case, a reasonable advance is necessary at this time.

*"Order.*

"It is the Order of Court that plaintiff's motion for $150.00 costs of transcript of the record of the first criminal trial of plaintiff and her motion for $1000.00 attorney fees for defending her in the second criminal trial be and the same is overruled and denied.

"It is the Further Order of Court that plaintiff's motion for the defendant, Ralph Read, to pay all necessary expenses, including the transcript of the record of the second criminal trial, docket fee, costs of printing and attorney fees incident to the prosecution of her defense in the Supreme Court, be and the same is hereby granted.

"It is the further Order of Court that the defendant, Ralph Read, pay forthwith into the registry of this court the sum of $300.00 so plaintiff may obtain a transcript of the record in the second criminal trial, and docket her appeal in the Supreme Court."

These findings are supported by competent evidence and inescapable inferences and conclusions to be drawn therefrom.

There are eight specifications of points, none of which can properly be considered here excepting those which challenge the jurisdiction of the trial court to enter orders requiring the payment by defendant of expenses necessarily to be incurred by plaintiff in connection with her writ of error in this court. The questions for consideration here are thus reduced to: 1. Are expenses for court costs and legal services necessarily incurred in the wife's defense in a criminal action necessaries for which the husband is chargeable? and 2. May the wife, under

the circumstances here, select an attorney to represent her?

Defendant and plaintiff, although husband and wife, are not living together as such, and plaintiff, in her divorce action, alleges that the separation is due to defendant's acts of cruelty. Defendant has filed an answer in the action, denying acts of cruelty on his part, and in a cross complaint seeks a decree of divorce because of plaintiff's alleged cruelty. The divorce case is not yet determined, and the marital status of the parties continues.

■ Plaintiff is entitled to have the judgment in the criminal case reviewed by this Court, and, by reason of her destitute condition, she is unable to exercise this right unless the expenses thereof are provided by the husband or by others, who, though under no legal obligation whatever to do so, may be actuated by a more charitable disposition than that evidenced by defendant. We have held that there is no question but that at common law the duty of the husband is to support and maintain the wife while they are living together as husband and wife, and also while they are living separate and apart, if the separation is caused by the fault of the husband. *Bauer v. Abrahams,* 73 Colo. 509, 216 Pac. 259; *Stokes v. Dollard,* 94 Colo. 206, 29 P. (2d) 706.

■■ 1. When plaintiff and defendant intermarried defendant placed himself in a position whereby he became obligated to support plaintiff, and nothing short of legal wrongful conduct on her part can free him from that obligation. Here there is no wrongful conduct on plaintiff's part yet established, for, notwithstanding the fact that she has twice been convicted of murder of the second degree, nevertheless, if upon review in this court the judgment of conviction is reversed, she has not been convicted of a felony for which defendant could maintain an action in divorce. *Rivers v. Rivers,* 60 Ia. 378, 14 N. W. 774; *Luper v. Luper,* 61 Ore. 418, 96 Pac. 1099; 27 C. J. S., p. 453, §23; 17 Am. Jur., p. 172, §44.

Furthermore, if cruelty on plaintiff's part eventually entitles defendant to a divorce, it is not yet established, nor is cruelty on defendant's part established by plaintiff. The parties hereto are still husband and wife, and all of the obligations arising by reason of their marital status still remains.

The question then posed is whether court costs, attorney fees and incidental expenses incurred in the defense of the criminal case by the wife, and a review of the judgment therein, are necessaries for which the husband is liable. Such necessaries include food, wearing apparel, medicines and medical attention, a habitation and necessary furniture and other articles for the wife's protection in society, consistent with the husband's ability to pay, and such articles and things as are necessary for her sustenance as well as preservation of her health and comfort. The term "necessaries" is incapable of exact definition; its meaning is variable, depending upon the circumstances, financial and otherwise, of the parties. We have said that plaintiff is entitled to have the judgment of conviction reviewed by this court and the necessity for expenses incurred therewith is as apparent and as vital as would be medical expenses incurred in case of her illness. Suffering and anguish resulting from her conviction may be as serious and disastrous as bodily ailments. The trial court found that plaintiff is destitute and that her husband is financially able to bear the expenses incurred in reviewing her conviction. The court further found that such allowed expenses were "necessaries." If they are such, defendant is liable therefor. *Stokes v. Dollard, supra.* Under the attendant circumstances the expenses in presenting her case in this court for review are "necessaries" for which defendant is liable, and the allowances thereof by the trial court were, under the circumstances here presented, right and proper. *Elder v. Rosenwasser,* 238 N. Y. 427, 144 N. E. 669; *Robertson v. Artz,* 38 Ill. App. 593; *Artz v. Robertson,* 50 Ill. App. 27; *Conant v. Burnham,* 133 Mass.

503; *Warner & Ryan v. Heiden,* 28 Wis. 517; *Moran v. Montz,* 175 Mo. App. 360; *Morris v. Palmer,* 39 N. H. 123; *Munson v. Washband,* 31 Conn. 303; 26 Am. Jur., p. 976, §380; 41 C.J.S., p. 526, et seq. §60 (b).

2. It appears that the attorney for defendant represented plaintiff in her first trial for murder, resulting in a verdict of guilty of murder of the second degree. On the motion for a new trial other counsel, of plaintiff's own selection, represented her and secured a new trial. On the second trial plaintiff again was convicted of murder of the second degree. Counsel for defendant here appeared for his client in the divorce action, resisted plaintiff's motion for allowances as hereinbefore indicated, and, in connection therewith, filed what he termed an answer to the motion. In this so-called answer to the motion—which is a pleading unknown to our practice in divorce cases—after reciting plaintiff's conviction, he asserts: "that she is thus not in position to prosecute this action [divorce], nor to reasonably hope for a successful termination thereof." Further he sets out in said answer "that Ralph Read [defendant], at all times offered to employ said original counsel [Romilly Foote, counsel for defendant here] in any court where plaintiff's criminal case might be heard, and already had employed counsel to represent plaintiff." Further, in defendant's answer in the divorce action, he alleges: "That plaintiff, in a fit of unreasoning rage and without reason, on or about September 26, 1947, wantonly killed her baby, Margaret Karol Read * * * that after killing said Margaret Karol Read, said Plaintiff told Mr. James L. Read, her father-in-law, that she had killed Margaret Karol to prevent Ralph [Read] from having her; * * * especially in view of the fact of her wantonly taking the life of her first baby."

Defendant, in his answer and cross complaint in the divorce complaint, alleges cruelty on plaintiff's part and that "having employed experienced counsel [Romilly Foote, defendant's attorney], qualified to practice in all

courts in the State of Colorado, to represent and defend this plaintiff, and having offered to said Beulah Ann Read to further employ said counsel to represent her in said criminal case, there was and is no necessity to employ other counsel, for said purposes, and defendant should not be required to pay their fees for representing said plaintiff in said criminal case in any court." Further in the answer it is alleged, "that plaintiff, in a fit of unreasoning rage, and without reason, on or about September 26, 1947, wantonly killed her baby, Margaret Karol Read."

In his answer in the divorce proceeding defendant made the identical accusations against his wife as were made in his answer to the motion hereinbefore referred to, and further alleged therein: "That on or about September 26, 1947, at the ranch home of the parties, near Spanish Peaks, Huerfano County, Colorado, plaintiff brutally and without cause or reason, shot and killed Margaret Karol Read, the daughter of the parties, a baby about nine months of age; that defendant deeply loved and cherished said Baby Girl, and her wanton destruction by plaintiff has caused, and now causes defendant, great unhappiness and suffering and by reason whereof he is very nervous and upset."

In defendant's answer and cross complaint it is alleged, as we have said, "that having employed experienced counsel, qualified to practice in all courts of the State of Colorado, to represent and defend this plaintiff, and having offered to said Beulah Ann Read to further employ said counsel to represent her in said criminal case, there was and is no necessity to employ other counsel." As we construe this statement, defendant now offers to (employ) retain counsel to represent plaintiff in our court, provided, however, that she intrust her cause to defendant's counsel in the divorce case; counsel who has deliberately, and we believe unnecessarily, filed in that court, and paraded to the public, defendant's statement under oath that plaintiff "in a fit of unreasoning, rage and

without reason, on or about September 26, 1947, wantonly killed her baby, Margaret Karol Read; * * * that after killing said Margaret Karol Read, said Plaintiff told Mr. James L. Read, her father-in-law, that she killed Margaret Karol, to prevent Ralph [Read] from having her; * * * especially in view of the fact of her wantonly taking the life of her first baby."

For plaintiff to accept the proferred services of an attorney who makes the above allegations would be foolhardy upon her part. Defendant's attorney is wholly disqualified. What the result would be if defendant had offered to engage counsel who was qualified to represent plaintiff and she arbitrarily and capriciously refused to accept the attorney's services and sought to charge defendant, under the guise of "necessaries," with other counsel's fees, we need not here determine.

As we view this record, defendant's attorney is wholly disqualified to represent plaintiff in the criminal action against her, and this disqualification should have immediately occurred to the attorney. It should be unnecessary for us to call it to his attention. If it is necessary, in properly representing defendant in the divorce action, to make such allegations against plaintiff as appear in the record here, some of which allegations were very evidently learned or grew out of the relationship of the attorney and client in the trial of the criminal case, it would seem apparent that defendant's present counsel should withdraw from further participation in the divorce action.

Judgment affirmed.