WOLF, APPELLANT, *v.* FRIEDMAN, APPELLEE.

[Cite as Wolf v. Friedman, 20 Ohio St. 2d 49.]

50

(No. 69-156—Decided November 26, 1969.)

*Messrs. Weinberger, Grad & Wolf* and *Mr. Herbert B. Weiss*, for appellant.

*Messrs. Nichols, Speidel & Nichols* and *Mr. Hugh C. Nichols*, for appellee.

TAFT, C. J. In the second cause of action of the amended petition, plaintiff alleges that, in order to induce plaintiff to expend further time and effort in the representation of defendant's wife, defendant expressly promised plaintiff that defendant would be personally responsible for the payment of legal services rendered by plaintiff to defendant's wife, and that those services were necessary and beneficial not only to defendant's wife but also to defendant.

The second cause of action contains no allegations as to the reasonable value of any of the services, for the rendering of which recovery is sought, except such allegations as are incorporated therein from the first cause of action. It appears from allegations so incorporated that plaintiff had been previously employed by defendant's wife to render those legal services and that some portion thereof had been rendered before the time of defendant's promise, which is alleged and relied upon as a basis for recovery in the second cause of action.

Thus, the second cause of action alleges an express promise by defendant to plaintiff that defendant would pay for legal services which defendant's wife had previously employed plaintiff to render for her, a portion of which had theretofore been rendered for her.

Section 1335.05, Revised Code, provides:

"No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default, or miscarriage of another person * * * unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

It is not contended that the alleged promise sued upon in the second cause of action, or any memorandum or note thereof, was in writing.

It is apparent that plaintiff intended, as his brief in this court indicates, that the allegations of his second cause of action would enable him to avoid Section 1335.05, Revised Code, with the help of our decision in *Crawford* v. *Edison*

(1887), 45 Ohio St. 239, 13 N. E. 80. See also *Grant* v. *Kinney* (1927), 117 Ohio St. 362, 159 N. E. 346.

It is difficult to distinguish the *Crawford* decision from our prior decision in *Birchell* v. *Neaster* (1881), 36 Ohio St. 331; and what is said in the opinion in the *Crawford case* (page 248) does not help us in doing so.

However, as paragraph one of the syllabus in the *Crawford case* indicates, that case would not help plaintiff to avoid the provisions of Section 1335.05, unless plaintiff's amended petition alleged, in effect, that "the leading object of" defendant was "not to answer for" his wife's obligation "but to subserve some pecuniary or business purpose of his own." There are no allegations in the second cause of action that can reasonably support such a conclusion. Hence, it necessarily follows that, by reason of the foregoing statutory provisions, that cause of action is demurrable. It is not enough that plaintiff alleges that the services, which defendant's wife had employed plaintiff to render for her and for which defendant orally promised to pay, were necessary and beneficial not only to his wife but also to defendant. *Birchell* v. *Neaster, supra* (36 Ohio St. 331).

We conclude, therefore, that Section 1335.05, Revised Code, precludes an action against a husband by an attorney to recover on an express promise by the husband to pay for legal services that his wife employed the attorney to render for her, where neither that promise nor any memorandum or note thereof was in writing and where it is not alleged and proved that the leading object of the husband in making that promise was to subserve some pecuniary or business purpose of his own, although it may be alleged and proved that those services were necessary for and beneficial to not only the wife but also the husband.

Thus, the demurrer to the second cause of action was properly sustained.

In the first cause of action of plaintiff's amended petition, it is alleged that plaintiff was employed by defendant's wife to represent her in the following matters:

(a) The defense of a criminal charge instituted against defendant's wife upon his affidavit;

(b) the complaint of defendant's wife that defendant was performing illegal acts upon her body and that she required protection against his wrongful conduct;

(c) the complaint of the defendant's wife that defendant refused to support her adequately unless she would return to the home of defendant and again submit to illegal acts upon her body, and

(d) the opposing of an affidavit executed by defendant alleging that defendant's wife was insane.

As to that cause of action, it is alleged further that plaintiff did render legal services in those matters to defendant's wife, that those services were necessary for her protection and required for the protection of her rights, and that defendant has repeatedly refused plaintiff's demand for payment of the reasonable value of those services.

This cause of action is based upon Section 3103.03, Revised Code, which reads:

"The husband must support himself, his wife, and his minor children out of his property. * * * If he neglects to support his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband unless she abandons him without cause."

These statutory provisions are declaratory of the common law. See *Howard* v. *Trustees* (1841), 10 Ohio 365.

There is nothing in the instant case to indicate that defendant's wife abandoned him without cause. Actually, the allegations of the first cause of action disclose good cause for defendant's not living with him. *Howard* v. *Trustees, supra.*

It has frequently been held that legal services rendered to a wife may represent necessaries for which a husband may be liable, either at common law or under statutes which codify the common law with respect to the husband's liability for necessaries supplied to his wife. *Morris* v. *Palmer* (1859), 39 N. H. 123; *Conant* v. *Burnham* (1882),

133 Mass. 503, 43 Am. Rep. 532; *Carr* v. *Anderson* (1923), 154 Minn. 162, 191 N. W. 407; *Elder* v. *Rosenwasser* (1924), 238 N. Y. 427, 144 N. E. 669; *Read* v. *Read* (1949), 119 Colo. 278, 202 P. 2d 953; *Citizens & Southern Nat. Bank* v. *Orkin* (1967), 223 Ga. 385, 156 S. E. 2d 86; *Moran* v. *Montz* (1914), 175 Mo. App. 360, 162 S. W. 323; *Hamilton* v. *Salisbury* (1908), 133 Mo. App. 718, 114 S. W. 563; *Thigpen* v. *Maddox & Griffin* (1937), 56 Ga. App. 464, 192 S. E. 925; *Stone* v. *Conkle* (1939), 31 Cal. App. 2d 348, 88 P. 2d 197. See *Munson* v. *Washband* (1863), 31 Conn. 303, 83 Am Dec. 151; *Clarke* v. *Burke* (1886), 65 Wis. 359, 27 N. W. 22; *Cohen* v. *Cohen* (Tex. Civ. App. 1944), 181 S. W. 2d 915, 917; *Annotations*, 26 A. L. R. 559, 7 A. L. R. 1011. *Cf.* *Berkwitz* v. *Dunham* (1929), 269 Mass. 65, 168 N. E. 183. But see *Shelton* v. *Pendleton* (1847), 18 Conn. 417.

Thus, in *Conant* v. *Burnham, supra* (133 Mass. 503, 505), it is stated in the court's opinion by C. Allen, J.:

" * * * The husband had committed an assault and battery upon his wife, and had instituted against her a criminal prosecution, which, from her final acquittal, may now be assumed to have been perhaps without just foundation. What was she to do? Is it to be held that the woman, ignorant of legal rules and methods of proceeding, without money or friends, not only deprived of the protection and aid of her husband, but encountering his active hostility, was competent to defend herself properly on her trial before a jury? This would be equivalent to saying that the law considers the assistance of attorneys of no value. * * *"

In *Morris* v. *Palmer, supra* (39 N. H. 123, 126), it is said in the opinion by Eastman, J.:

" * * * If a husband abandons his wife, or if they separate by consent, without any provision for her support, or if he sends her away, or by his improper conduct compels her to leave his house, he is liable for her necessaries, and he sends credit with her to that extent. * * * When a husband compels his wife to leave his house, the law, from the necessity of the case, makes him chargeable for those things which are necessary for her support. * * *

" * * * these principles carried out must make the

husband liable for the necessary costs incurred in a prosecution against him upon complaint of the wife for a breach of the peace. * * *

" * * * A married woman can make no contract binding upon her husband without his assent, accept for necessaries; and unless her employment of some person to draw a complaint shall be held to fall within the legal import of that term, she may be remediless against any outrage by him. The proceeding is for her protection, and, as she may have no property of her own, she can have no redress unless she is able to pledge her husband's credit."

In *Elder* v. *Rosenwasser, supra* (238 N. Y. 427, 429), it is said in the opinion by Crane, J.:

" * * * Where a wife living with her husband whom he is obliged to support is arrested on a criminal charge or prosecuted in a civil action which may result in her incarceration, the necessity for a lawyer may be as urgent and as important as the necessity for a doctor when she is sick. * * * The mental suffering and anguish which may result from an unwarranted suit for alleged libel may be as disastrous in its effects as any other mental sickness or disorder. Such actions may, therefore, dependent, of course, upon circumstances, require the husband to pay a reasonable lawyer's bill for services in protecting his wife. * * * "

In *Read* v. *Read, supra* (119 Colo. 278, 285), it is said in the opinion by Alter, J.:

"* * * The term 'necessaries' is incapable of exact definition; its meaning is variable, depending upon the circumstances, financial and otherwise, of the parties. We have said that plaintiff is entitled to have the judgment of conviction reviewed by this court and the necessity for expenses incurred therewith is as apparent and as vital as would be medical expenses incurred in case of her illness. Suffering and anguish resulting from her conviction may be as serious and disastrous as bodily ailments. * * * "

In the recent case of *Blum* v. *Blum* (1967), 9 Ohio St. 2d 92, 223 N. E. 2d 819, this court allowed the wife to recover from her divorced husband for legal services in proceedings brought by her to compel him to support their

children, and, in doing so, rested its decision in part on Section 3103.03, Revised Code. This appears from the syllabus stating that that statute was being "construed and applied" and from the opinion where Herbert, J., states:

"In our opinion, the word 'necessaries' appearing in * * * [Section 3103.03, Revised Code] includes a reasonable allowance for expense money to employ the services of an attorney to prosecute or defend an action in a court concerning the enforcement of the duty of the divorced father—within reasonable limits—to support his minor children. Otherwise, as a practical matter, a divorced father would be insulated from his obligation of support whenever the divorced mother did not have the resources to pay an attorney."

See also *Dworkin* v. *Miller* (Ohio App. 1950), 57 Ohio Law Abs. 276, 94 N. E. 2d 105.

Those cases which have considered the question have also held that legal services rendered to a wife, even in a matter adverse to her husband's interests, may be recovered as necessaries for her support.

Thus, in *Carr* v. *Anderson, supra* (154 Minn. 162, 164), it is said in the opinion by Dibell, J.:

" * * * If the legal services were within the class of necessaries, as the jury found, the legal obligation rested upon the defendant to furnish them. * * * It is unimportant that the husband, who does not furnish the necessary, does not want it furnished, or forbids its furnishing, or declares in advance that he will not pay. The law imposes the obligation, and enforces it by a contract remedy."

See *Conant* v. *Burnham, supra* (133 Mass. 503); *Morris* v. *Palmer, supra* (39 N. H. 123); *Citizens & Southern Nat. Bank* v. *Orkin, supra* (223 Ga. 385). See also *Blum* v. *Blum, supra* (9 Ohio St. 2d 92), and *Munson* v. *Washband, supra* (31 Conn. 303).

In some of the cases where recovery has been denied against a husband for legal services rendered to his wife, there has been a recognition that there may, in a proper instance, be recovery for such services, and denial of recovery has been based upon a determination that the particu-

lar services were not within what our statute refers to as "necessaries for her support."

For example, in *Wolf, Habein & Co.* v. *Mapson* (1920), 146 Minn. 174, 178, 178 N. W. 318, it is stated:

"* * * A husband has been held liable for attorneys services rendered in protecting the wife against his ill treatment or against criminal offenses, especially those instituted on his complaint. * * * But he is not bound to pay for services of counsel in securing to his wife the possession or enjoyment of her separate property any more than he would be to pay for its care or keep. In respect to liability for attorney's fees in such actions he must stand in the same position as any other defendant his wife may see fit to sue. * * * "

See also *Geary* v. *Geary* (1940), 338 Pa. 385, 389, 12 A. 2d 23, where it is stated:

"As the present proceedings were rendered necessary by the defendant's wrongful seizure and retention of the policies * * * we find no abuse of discretion in the lower court's dismissal of her request for counsel fees"

*Cf. Steisel* v. *Gratzer* (1947), 272 App. Div. 673, 74 N. Y. Supp. 2d 654, which held that "legal services rendered * * * to a wife in a suit for accounting instituted by her against her husband * * * arising out of a business venture in which both had been engaged * * * do not constitute necessaries * * *."

The allowance and payment of alimony to a wife during pendency of her action for divorce and alimony may provide a husband with a defense to an action against him by a third party to recover for necessaries furnished to his wife during the pendency of that action. *Hare* v. *Gibson* (1876), 32 Ohio St. 33. In the instant case, there is nothing to indicate that there was any pending action for either divorce or alimony when plaintiff was employed to and did render legal services to defendant's wife. If there had been such an action pending, an allowance might have been made to the wife pursuant to Section 3105.14, Revised Code (providing for "alimony * * * for * * * expenses during the suit"), to enable her to pay for such legal services. *Stuart*

v. *Stuart* (1944), 144 Ohio St 289, 58 N. E. 2d 656. Apparently, the recovery for legal services in *Blum* v. *Blum, supra* (9 Ohio St. 2d 92), was in a divorce proceeding, although after the final decree therein.

In the instant case, it is argued on behalf of the husband that Section 3105.14, Revised Code, provides a wife with an adequate remedy to require her husband to provide her with what she needs to pay for her necessary legal expenses and that the husband cannot therefore be held liable for such legal expenses except under that statute. It may be observed that there is no statutory provision that requires such a conclusion. Furthermore, such a conclusion would impose upon the wife the requirement that she file a divorce or alimony action against her husband in order to force him to comply with his obligation to provide her with necessary legal services. Imposing such a requirement would be contrary to the public policy of this state. *Van DeRyt* v. *Van DeRyt* (1966), 6 Ohio St. 2d 31, 41, 215 N. E. 2d 698.

We are not here concerned with a case such as *Dorsey* v. *Goodenow* (1832), Wright 120, which held that recovery could not be had, except as alimony *pendente lite,* for legal services rendered to a wife in a suit against her husband for divorce.

We are of the opinion that a wife is not required to file a divorce or alimony action against her husband in order to compel him to provide her with those legal services that he is obligated to provide her with under his statutory duty to provide her with ''necessaries for her support.''

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court with instructions to overrule the demurrer to the first cause of action.

*Judgment reversed in part.*

MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., concurs in paragraph one of the syllabus.