[Cite as *Zukerman, Lear & Murray Co. v. Snyder*, 2021-Ohio-2314.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ZUKERMAN, LEAR & MURRAY CO., L.P.A., | : | |
| Plaintiff-Appellant, | : | No. 110063 |
| v. | : | |
| CHARLES D. SNYDER, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 8, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-920725

### *Appearances:*

Finley & Co., L.P.A., and David G. Finley, *for appellant.*

Herman Law, L.L.C., and Edward F. Herman, *for appellees.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Zukerman, Lear & Murray Co. L.P.A. ("Zukerman"), appeals an interlocutory order dismissing its claim to recover attorney fees from its client's wife, Michelle Snyder ("Michelle"), and claims the following error:

The trial court erred by granting appellee Michelle Snyder's Civ.R. 12(B)(6) motion to dismiss on grounds that legal services for criminal defense are not necessaries for purposes of the duty of spousal support.

{¶ 2} We dismiss Zukerman's claim against Michelle for lack of a final, appealable order because Zukerman's claim against Michelle is contingent on the merits of Zukerman's other claims.

## I. Facts and Procedural History

{¶ 3} Michelle's spouse, Charles D. Snyder ("Charles"), the co-founder, and former CEO and president of Attevo, a technology consultancy firm, was charged with seven counts of willful failure to collect and pay social security and Medicare taxes from his employees' wages, in violation of 26 U.S.C. 7202, and one count of embezzlement from an employee benefit plan, in violation of 18 U.S.C. 664. Zukerman, a law firm specializing in criminal defense, defended Charles against the charges. Following trial, Charles was convicted of five counts of willful failure to pay taxes and one count of embezzlement. Charles was sentenced to two years in prison and ordered to pay $667,000 in restitution.

{¶ 4} Zukerman billed a total of $337,618.26 in attorney fees, including $763.76 advanced for litigation expenses, during its representation of Charles. Zukerman received payment of $265,151, which left a balance of $72,467.26. When the balance went unpaid, Zukerman filed suit against Charles and Michelle, asserting claims on an account and unjust enrichment. The complaint also alleged a claim to recover the attorney fees from Michelle, pursuant to the necessaries doctrine, which holds that a spouse is liable to third parties for "necessaries,"

including certain legal fees. *Wolf v. Friedman*, 20 Ohio St.2d 49, 53, 253 N.E.2d 761 (1969).

{¶ 5} Michelle filed a motion to dismiss the "necessaries" claim against her pursuant to Civ.R. 12(B)(6), arguing that because Zukerman is not legally entitled to recover attorney fees from her pursuant to the necessaries doctrine, no relief could be granted on this claim. The trial court agreed and dismissed the claim. At Zukerman's request, the trial court issued a nunc pro tunc journal entry, indicating "there is no just cause for delay" under Civ.R. 54(B). Zukerman now brings this interlocutory appeal of the dismissal of its necessaries claim against Michelle.

## II. Law and Analysis

{¶ 6} Before addressing the merits of Zukerman's appeal, we must first determine whether the dismissal of Zukerman's necessaries claim is a final, appealable order because the Ohio Constitution limits appellate jurisdiction to the review of final judgments. Article IV, Section 3(B)(2), Ohio Constitution. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6.

{¶ 7} We, therefore, sua sponte asked the parties to brief the issue of whether the order appealed constitutes a final, appealable order. Zukerman filed a supplemental brief addressing this issue and contends the trial court's order dismissing the necessaries claim against Michelle is a final, appealable order

because it affects a substantial right and disposes of a distinct branch of Zukerman's action, which is independent of the remaining two claims.

**{¶ 8}** When a case involves multiple claims and parties, "[a]n order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), syllabus. "The general purpose of Civ.R. 54(B) is to balance the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals." *GE Credit Union v. Meadow*, 1st Dist. Hamilton No. C-150230, 2015-Ohio-5480, ¶ 4, citing Alex*ander v. Buckeye Pipe Line Co.,* 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

**{¶ 9}** Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**{¶ 10}** The inclusion of Civ.R. 54(B) language in a judgment entry does not automatically transform a nonfinal order into a final, appealable order. *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 14. A trial court should only make a Civ.R. 54(B) determination when an immediate

appeal would serve the interests of judicial economy. *Third Fed. S. & L. v. Krych*, 8th Dist. Cuyahoga No. 99762, 2013-Ohio-4483, ¶ 7. "Where * * * the interests of judicial economy are not served by immediate appeal, a trial court's Civ.R. 54(B) finding is 'subject to reversal.'" *Rae-Ann Suburban* at ¶ 15, quoting *Third Fed. S. & L.* at ¶ 7.

{¶ 11} "A partial, final order is not appealable under Civ.R. 54(B) if the remaining, unresolved claims 'touch upon the very same facts, legal issues and circumstances' as the resolved claims." *Rae-Ann Suburban* at ¶ 16, quoting *Altenheim v. Januszewski*, 8th Dist. Cuyahoga No. 105860, 2018-Ohio-1395, ¶ 3-7, 10-13 (Even if the order had included Civ.R. 54(B) language, it "would not be sufficient to render that order final and appealable" because "the unresolved counterclaims touch on the same facts, legal issues, and circumstances as the claims presented on appeal."); *see also Salata v. Vallas*, 159 Ohio App.3d 108, 2004-Ohio-6037, 823 N.E.2d 50, ¶ 18-24 (7th Dist.) (Where remaining claims were based on the same facts and circumstances as the adjudicated claim, the order granting partial summary judgment was not a final, appealable order despite the inclusion of Civ.R. 54(B) language.).

{¶ 12} Zukerman's necessaries claim against Michelle seeks to hold her liable for the debt of her husband. However, any liability against her is contingent on the validity of Zukerman's action on account and unjust enrichment claims against Charles. If the court finds that Charles is not liable on Zuckerman's account, then Michelle is not liable. Even if the necessaries doctrine applied in this case, Michelle

could only be liable, if Charles is liable for the debt.  And, in that case, Michelle could only be liable to the extent of Charles' liability.  In other words, even if the necessaries doctrine applied to this case, the amount of the damages would have to be adjudicated before judgment could be rendered against her.  Thus, Zuckerman's claim against Michelle touches the same facts, legal issues, and circumstances as the claims that remain pending in the trial court.  The necessaries claim against Michelle is, therefore, not a separate and distinct branch of the litigation, and trial court's order dismissing Zuckerman's necessaries claim is, therefore, not a final, appealable order.

{¶ 13} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR