RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 22a0126p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MICHELLE L. SNYDER,

*Plaintiff-Appellant,*

*v.*

FINLEY & CO., L.P.A.,

*Defendant-Appellee.*

No. 21-3997

─────────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:20-cv-02144—Donald C. Nugent, District Judge.

Argued: April 27, 2022

Decided and Filed: June 15, 2022

Before: CLAY, GRIFFIN, and WHITE, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Marc E. Dann, DANN LAW, Lakewood, Ohio, for Appellant. Boyd W. Gentry, LAW OFFICE OF BOYD W. GENTRY, LLC, Beavercreek, Ohio, for Appellee. **ON BRIEF:** Marc E. Dann, Brian D. Flick, DANN LAW, Lakewood, Ohio, for Appellant. Boyd W. Gentry, LAW OFFICE OF BOYD W. GENTRY, LLC, Beavercreek, Ohio, for Appellee.

─────────────────

## OPINION

─────────────────

GRIFFIN, Circuit Judge.

Ohio's Necessaries Statute permits creditors to collect certain debts from one spouse incurred by the other. Ohio Rev. Code § 3103.03. Seeking to recover outstanding legal bills owed by plaintiff Michelle L. Snyder's husband, defendant Finley & Co., LPA filed a debt-

collection lawsuit against plaintiff and her husband, asserting joint liability under the Necessaries Statute. In this litigation, she contends that defendant's lawsuit was "objectively baseless" and thus violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 896 (6th Cir. 2020). We agree. As the Ohio Supreme Court has clearly held, the Necessaries Statute "does not impose joint liability on a married person for the debts of his or her spouse." *Embassy Healthcare v. Bell*, 122 N.E.3d 117, 121 (Ohio 2018). Rather, "[a] creditor must . . . first seek satisfaction of its claim from the assets of the spouse who incurred the debt" and must show that the debtor-spouse is "unable to pay" for a nondebtor-spouse to be liable under the Necessaries Statute. *Id.* at 122. We therefore reverse and remand with instructions to enter judgment in plaintiff's favor and for further proceedings consistent with this opinion.

I.

Plaintiff's husband, Charles David Snyder, owned a technology-consulting company. *United States v. Snyder*, 789 F. App'x 501, 503–04 (6th Cir. 2019). In an unsuccessful attempt to keep his business afloat during the Great Recession, he funded the company's day-to-day operating expenses by diverting hundreds of thousands of dollars from employees' 401(k) contributions and Federal Insurance Contributions Act deductions to the company's coffers. *Id.* Charles was ultimately convicted of embezzlement and willful failure to pay over taxes.

The law firm of Zukerman, Lear & Murray Co. (Zukerman) assisted with his criminal defense and sent him invoices for legal fees. When some of Zukerman's invoices went unpaid, defendant Finley & Co., LPA (Finley) filed a debt-collection action in Ohio state court on behalf of Zukerman against Charles and his wife, plaintiff Michelle Snyder, jointly. Regarding plaintiff, Finley asserted a spousal-obligation-to-support claim under Ohio's Necessaries Statute. The Ohio trial court granted judgment in Michelle Snyder's favor on that claim, and the Ohio Court of Appeals dismissed Finley's interlocutory appeal for lack of a final, appealable order, reasoning that the "claim against Michelle is contingent on the merits of" the claims against Charles. *Zukerman, Lear & Murray Co., L.P.A. v. Snyder*, No. 110063, 2021 WL 2837215, at *1 (Ohio. Ct. App. July 8, 2021). Finley's claims against Charles remain pending in the Ohio state trial court.

Thereafter, plaintiff Michelle L. Snyder commenced this federal Fair Debt Collection Practices Act (FDCPA) lawsuit against Finley in an Ohio state court.  Plaintiff claims that by filing a debt-collection claim under the spousal-obligation-to-support theory without an arguable legal basis, Finley engaged in debt-collection practices prohibited by the FDCPA.  15 U.S.C. § 1692e.  Following removal to the Northern District of Ohio, the district court resolved the parties' cross-motions for summary judgment in favor of Finley, and Michelle L. Snyder now appeals.  We review the district court's decision de novo.  *Ferro Corp. v. Cookson Grp.*, 585 F.3d 946, 949 (6th Cir. 2009).

## II.

The issue presented in this case is whether Finley violated the FDCPA when it sued plaintiff to recover her husband's criminal-defense legal fees under Ohio's Necessaries Statute.[1] The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  This is an "extraordinarily broad[,] . . . strict-liability statute," and we "view any alleged violation through the lens of the least sophisticated consumer."  *Stratton v. Portfolio Recovery Assocs.*, 770 F.3d 443, 448, 450 (6th Cir. 2014) (internal quotation marks and citations omitted).  An FDCPA violation occurs when a debt collector's representation or action is materially false or misleading, *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326–27 (6th Cir. 2012), and had the purpose of inducing payment by the debtor, *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011).

Section 1692e applies to debt-collection efforts utilizing the legal process.  *See Van Hoven*, 947 F.3d at 893–94.  Merely advancing an ultimately unsuccessful claim for relief does not, in and of itself, rise to an FDCPA violation.  *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).  Proscribed rather is what is alleged to have occurred here:  a material misstatement about state law in a court filing that is "false, deceptive, or misleading" at the time it is made.  *Van Hoven*, 947 F.3d at 893–94 (quoting 15 U.S.C. § 1692e).

---

[1]Finley's complaint also asserted accounting and unjust enrichment claims against "defendants," but plaintiff's FDCPA lawsuit and this appeal rest only on the propriety of Finley's Necessaries Statute claim.

So how do we distinguish between a non-winning claim that violates the FDCPA and a non-winning claim that does not? Our recent decision in *Van Hoven* instructs that when evaluating an alleged FDCPA violation in a legal action, "a lawyer does not 'misrepresent' the law by advancing a reasonable legal position later proved wrong." *Id.* at 896. Instead, we held, courts must determine "whether the legal contention was *objectively baseless at the time it was made*, making it legally indefensible or groundless in law." *Id.* (internal quotation marks and citation omitted and emphasis added). That would include, for example, "misquoting a case, relying on a statute no longer in existence, . . . invoking an overruled decision," "claim[ing] that a one-year statute of limitations runs for two years," "say[ing] today that the [FDCPA] does not apply to attorneys collecting debts," "suing on a time-barred debt," and "filing a writ of garnishment against a debtor current on his payments." *Id.* at 895–96 (collecting cases).

Finley sought to hold plaintiff liable for her husband's outstanding legal bills via Ohio's Necessaries Statute, Ohio Rev. Code § 3103.03. That law originates from coverture, wherein "a married woman's legal identity merged with her husband's," thus prohibiting her from owning property, entering into contracts, or receiving credit. *Embassy Healthcare*, 122 N.E.3d at 119. Given these "legal disabilities," courts developed the common-law "necessaries doctrine" to "encourage[] third parties to provide essential items and services to neglected wives." *Id.* So, under the common law, "a husband was liable to third parties for necessaries—i.e., food, shelter, clothing, and medical services—that those third parties provided to his wife." *Id.*

Section 3103.03 codified this doctrine, which has been subsequently modernized by abolishing the common law's antiquated view of the marital relationship—"the duty of support now extends to both spouses." *Id.* The Necessaries Statute thus currently provides that a "married person must support the person's self and spouse," and if one is "unable to do so, the spouse of the married person must assist in the support so far as the spouse is able." Ohio Rev. Code § 3103.03(A). And if one spouse fails to support the other, a third party may do so and then "recover the reasonable value of the necessaries supplied from the married person who neglected to support the spouse." § 3103.03(C).

The parties primarily focus on whether attorneys' fees constitute "necessaries" under the Necessaries Statute. So too did the district court. It concluded that Finley's claim against

plaintiff was "at the very least, arguable" because the Ohio Supreme Court has twice held that certain attorneys fees' are recoverable against a spouse. *See Wolf v. Friedman*, 253 N.E.2d 761, 765–67 (Ohio 1969); *Blum v. Blum*, 223 N.E.2d 819, 820–21 (Ohio 1967). Therefore, in the district court's view, no FDCPA liability could lie against Finley. But we need not consider whether the Necessaries Statute includes the attorneys' fees at issue here because Finley's lawsuit did not comply with the law's threshold procedural requirements.

A little less than a year before Finley filed its debt-collection claim against plaintiff, the Ohio Supreme Court expounded upon a nondebtor-spouses's liability under the Necessaries Statute. In *Embassy Healthcare*, the Ohio Supreme Court held that "each married person retains primary responsibility for supporting himself or herself from his or her own income or property," and a "nondebtor spouse becomes liable only if the debtor spouse does not have the assets to pay for his or her necessaries." 122 N.E.3d at 121. Because of this contingeny, *Embassy Healthcare* requires a creditor to exhaust its debt-collection efforts against the debtor before attempting to collect from a spouse. Specifically, the Ohio Supreme Court held that "[*a*] *creditor must . . . first seek satisfaction of its claim from the assets of the spouse who incurred the debt. [The Necessaries Statute*] *does not impose joint liability on a married person for the debts of his or her spouse.*" *Id.* (emphasis added).

*Embassy Healthcare* clearly establishes that defendant's debt-collection lawsuit against plaintiff was objectively baseless. As the Ohio Court of Appeals recognized, Finley's "claim against Michelle is contingent" on its claims against Charles. *Zukerman*, 2021 WL 2837215, at *1. But when Finley sued Michelle, it had not satisfied the prerequisites to collect from her. There was no finding that its claims against Charles were meritorious or that he lacked the assets to pay for those claims. *Embassy Healthcare* required Finley to "first seek satisfaction of its claim from" Charles and prohibited it from filing a joint-liability suit against Charles and Michelle without clearly stating that its claim against Michelle was contingent. 122 N.E.3d at 121. Finley did not follow *Embassy Healthcare*'s express commands. If "misquoting a case, relying on a statute no longer in existence, . . . invoking an overruled decision, [or] . . . suing on a time-barred debt" runs afoul of the FDCPA, *Van Hoven*, 947 F.3d at 895–96, asserting a claim

against a party under circumstances in which a state supreme court has explicitly held that the party cannot be held liable certainly does as well.

## III.

For these reasons, we reverse the district court's judgment, and remand with instructions to enter judgment in plaintiff's favor and for further proceedings consistent with this opinion.