### ABRAM J. BERKWITZ *vs.* WINTHROP DUNHAM.

Suffolk.    October 8, 1929. — October 9, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Husband and Wife.   Contract,* Implied.   *Attorney at Law.*

An attorney at law cannot maintain an action of contract against a husband for compensation for professional services as attorney at law rendered to the wife of the defendant to relieve her distress, to promote her comfort, to protect her from assaults and other mistreatment by the defendant and to compel him to refrain from abuse; for appearing in different courts to those ends, and in the prosecution of a separate support proceeding against the defendant.

An attorney at law cannot maintain an action of contract against a husband for money expended by the plaintiff for the benefit of the wife by reason of a breach of faith on the part of the defendant respecting the wife's real estate.

CONTRACT.   Writ dated March 14, 1929.

The first count of the declaration is described in the opinion.   The second count read as follows: "2. And the plaintiff further says that a certain house stood in the name of Erna Dunham at 92 Pleasant Street, Brookline, on or about March 1, 1929, and taxes amounting to $473.36 were due thereon and said property was subject to a mortgage of $15,000, and the defendant collected on or about said date, from a tenant in said house, without right, the sum of $440 as rent with the understanding that he was to pay the said taxes, and persuaded the plaintiff to assist in the collection of said rent for said purpose, and after the said rent was paid, for the purpose of wiping out the equity of the said Erna Dunham in said property, the defendant went to the State Street Trust Company, mortgagee of said mortgage, and attempted to get it to foreclose said mortgage for the non-payment of taxes, wherefore the plaintiff was obliged to pay the same, amounting to $473.36, and the defendant owes the plaintiff the said amount."

The defendant demurred. The demurrer was heard by *Whiting*, J., and was ordered "sustained on each count." The plaintiff appealed.

The case was submitted on briefs.

*E. M. Dangel & L. E. Sherry*, for the plaintiff.

*J. A. Tirrell*, for the defendant.

BY THE COURT. This is an action of contract. The first count in the declaration alleges professional services as attorney at law rendered to the wife of the defendant to relieve her distress, to promote her comfort, to protect her from assaults and other mistreatment by the defendant, to compel him to refrain from abuse, appearing in different courts to that end, and in the prosecution of a separate support proceeding against the defendant.

There is no rigid test in this Commonwealth for the determination of the necessaries of a wife for which the husband may be held liable. So far as the allegations of this declaration are general and not specific, they do not merit judicial inquiry and are not admitted by the demurrer. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 415, and cases cited. *Codman* v. *Dumaine*, 249 Mass. 451, 459. So far as they are specific, they relate to services held not to be necessaries in *Conant* v. *Burnham*, 133 Mass. 503. Compensation for legal services rendered to the wife in proceedings for nonsupport is not subject for a separate action. *Coffin* v. *Dunham*, 8 Cush. 404. Relief for the wife in appropriate cases of that nature is provided by G. L. c. 208, § 17. The substance of the second count in the declaration is money expended for the benefit of the wife in connection with her real estate arising from breach of faith on the part of the defendant. This sets out no cause of action. *Skinner* v. *Tirrell*, 159 Mass. 474.

In the circumstances of this case, where no count sets out a cause of action, there was no error in sustaining as to each count the demurrer although general in terms.

Whether on appropriate motion the plaintiff ought to be permitted to amend his declaration is for the determination of the Superior Court.

*Order sustaining demurrer affirmed.*