*Municipal Court of the City of Boston*
No. 272376

## SANTO J. RUMA

v.

## MALCOLM D. BUCHSBAUM &
## BARBARA A. BUCHSBAUM

Argued: Dec. 3, 1970 - Decided: Dec. 9, 1971

*Present:* Adlow, C.J., Gillen, Morrissey, J.J. Case tried to *Lewiton, J.*

**Adlow, C.J.** Action of contract to recover for legal services rendered to Barbara A. Buchsbaum in probate proceedings against her husband, Malcolm D. Buchsbaum. In this action the plaintiff, Santo J. Ruma, an attorney, sought to recover from both Malcolm D. Buchsbaum and Barbara A. Buchsbaum for legal services.

There was evidence tending to show that

at the time Barbara Buchsbaum retained Santo J. Ruma to represent her a probate court order was outstanding against her husband which required that he pay $1,000 a month in addition to other househould charges, and that said Malcolm D. Buchsbaum was in default. She retained the plaintiff on February 4, 1970, and at the time he requested from her a retainer of $500 which she paid. Later the plaintiff requested an additional payment on account of his fee and she paid him $250. more. On July 22, 1970 the plaintiff requested $1,000 more and she told him he would have to wait until her financial condition improved. During this period negotiations for the settlement of this domestic dispute were carried on. However, during the week of November 16, 1970 Mrs. Buchsbaum became reconciled with her husband, and the plaintiff was advised that she had terminated his services.

At the close of the evidence the court ruled that the husband, Malcolm D. Buchsbaum, was not liable, and found against Barbara Buchsbaum in the amount of $1,250.00. Being aggrieved by the refusal of the court to find against Malcolm D. Buchsbaum, the plaintiff brings this report.

There was no error. At the outset it is not out of order to observe that the plaintiff's assumption of responsibility as counsel was based on a direct contract with Mrs. Buchsbaum whereby she not only paid a retainer but

supplemented same by additional payments. There can be no question that the findings of the court against Barbara A. Buchsbaum were legally warranted by the evidence.

As for the rights of the plaintiff against the husband of Barbara A. Buchsbaum, we are not aware of any rule that makes a husband liable in a common law action for services rendered to a wife in proceedings in probate. As for the liability of the husband, Malcolm D. Buchsbaum, it would appear that our courts have never viewed as necessaries services rendered to a wife in similar circumstances. *Coffin* v. *Donhan,* 8 Cush. 404. If these services are denied the quality of necessaries, it is because there is a statutory provision empowering the court to grant alimony and attorney's fees during the pendency of divorce litigation. G.L. c. 208, §§17, 38. These sections of our General Laws are part of a distinct statutory system, and are to be considered as exclusive of all other remedies. *Gediman* v. *Cameron,* 306 Mass. 138, 140. Such being the law the plaintiff has no enforceable claim against the defendant, Malcolm D. Buchsbaum. *Conant* v. *Burnham,* 133 Mass. 503. *Berkwitz* v. *Dunham,* 269 Mass. 65.

**There was no error. Report dismissed.**

FRANK J. SANTANGELO of Boston
. for the Plaintiff
RAMOS V. BENNETT of Boston
· for the Defendant
MALCOLM D. BUCHSBAUM