SANTO J. RUMA *vs.* MALCOLM D. BUCHSBAUM & another. June 15, 1972. The plaintiff, an attorney, seeks to recover from the defendants, husband and wife, in separate counts in contract, a balance due him for the following legal services rendered to the wife: (a) the successful prosecution of a contempt petition in the Probate Court to compel the husband's compliance with a separate maintenance order previously obtained by the wife, (b) the filing of an appearance to defend her against a libel of divorce brought by the husband, and (c) the filing of an appearance and pleadings in defence of an equity suit brought against the wife by a corporation in which the husband owned a one-half interest. The husband and wife thereafter reconciled and the wife discharged the plaintiff as her attorney and refused to pay the balance due him. A judge of the Municipal Court of the City of Boston found for the plaintiff against the wife, but he found against the plaintiff on his counts against the husband. The judge specifically found that the services rendered by the plaintiff were "necessaries" but he denied recovery against the husband on the basis of our decision in *Berkwitz* v. *Dunham*, 269 Mass. 65. At the plaintiff's request this ruling was reported to the Appellate Division which upheld the judge and ordered the report dismissed. The case is before us on the plaintiff's appeal from that order. There was no error. Under G. L. c. 208, § 17, and c. 209, § 33, as amended, the Probate Court may order a husband to pay his wife's counsel fees during pendency of either a divorce libel or a suit for separate maintenance. The latter suit includes the contempt proceeding in which the plaintiff represented the wife. On the basis of these statutes we held in the *Berkwitz* case, *supra*, at 66, that "[c]ompensation for legal services rendered to the wife in proceedings for nonsupport is not subject for a separate action" brought by the lawyer. See *Coffin* v. *Dunham*, 8 Cush. 404, and *Conant* v. *Burnham*, 133 Mass. 503, 505–506. The plaintiff argues that the statutory remedy under G. L. c. 208, § 17, and c. 209 § 33, does not help him because the wife having reconciled with her husband now refuses to sign or file a petition against him for legal fees under the statute. It is unfortunate that the plaintiff did not anticipate this reasonably foreseeable possibility, latent in most such cases, by having the wife sign and file such a petition when he was first retained, but his dilemma cannot change the result in this case.

*Order dismissing report affirmed.*

The case was submitted on briefs.
*Frank J. Santangelo & Santo J. Ruma* for the plaintiff.
*Thomas V. Bennett* for the defendants.